## J. W. Monroe v. The State.

#### No. 6128. Decided May 11, 1921.

**1.—Misdemeanor Theft—Evidence—Declarations by Defendant—Conversation.**

Declarations by defendant after his arrest, as to how he obtained possession of the alleged stolen property, were inadmissible in evidence, and were not part of the same conversation which the defendant had later with the officers in which he made another statement.

**2.—Same—Proposition of Law—Ownership—Evidence.**

There was no error on the part of the court in sustaining an objection to a question which involved a proposition of law rather than one of fact with reference to the ownership of the alleged property. Following King v. State, 100 S. W. Rep., 389.

**3.—Same—Argument of Counsel—Practice in District Court.**

Where part of the argument of the State's counsel was based upon the facts in evidence, with reference to the number of initial letters on the car, and part of the argument was not such which would constitute error in the absence of a requested charge, there was no reversible error.

**4.—Same—Ownership—Possession—Charge of Court—Consignee.**

Where the facts raised the issue of possession as alleged in the indictment in the railway company's agent, there being testimony that the defendant took the articles in question from an empty car which was not then in possession of the agent of the company, the car having been delivered to the consignee who had finished unloading and left some of the property in the car inadvertently, the court's charge that if the defendant took the property in question from an empty box car, etc., they would convict him, was reversible error.

Appeal from the County Court at Law No. 2 of Harris. Tried below before the Honorable Roy F. Campbell.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $25 and one day in the county jail.

The opinion states the case.

*Charles Murphy,* for appellant.—On question of ownership: King v. State, 100 S. W. Rep., 389.

On question of argument of counsel: Gonzales v. State, 226 S. W. Rep., 407.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted in the County Court of Harris County for the theft of some automobile casings and tubes, and his punishment assessed at a fine of $25 and one day in jail.

Appellant was employed by the International & Great Northern Railroad Company as a switchman. On the 26th day of July, 1920, he, in connection with the other members of his engine crew, were engaged in switching and placing cars in the yards of the Railroad at Houston. After the crew had quit work for the afternoon, about four o'clock, appellant was seen crossing the switch yard with a toe-sack in his hand, and which was afterwards found to contain two automobile casings and tubes. He claims to have found these articles in an empty car which, from other things in the car, he says, indicated that it had been loaded with automobile accessories. He was supported in this claim by the foreman of his crew.

Appellant's contention was that he had placed the articles in the sack in order to carry them more easily, and was on his way to the yard office to report the finding of them at the time he was arrested by a special officer employed by the railroad. This special officer, whose name was Davis, testified that, after having arrested appellant and making inquiry of him as to how he obtained possession of the casings and tubes, appellant told him he found them on the ground; and later that he had bought them from a negro who run as soon as he sold them to him. Objection was made to this testimony on the ground that appellant was under arrest at the time, and the statement was, therefore, inadmissible. The special officer telephoned for the police and had appellant taken to the city jail; about an hour later Davis went to the jail and had another talk with him, in which he says appellant again told him the same thing about how he had obtained the articles in question, but later said if they would send an officer with him, he would show where he got the casings out of the car. An officer by the name of Martin was sent by the chief of detectives with Davis and appellant; and after they reached the railroad yards the evidence becomes conflicting as to what occurred. Davis says appellant pointed out a loaded car as the one out of which he got the casings and tubes, and upon investigation it was found to have one of the seals broken and which later, upon being unloaded and checked, showed three casings and tubes missing. The officer Martin says appellant went to a certain track and pointed out a car as looking like the one out of which he claims to have gotten the articles, and which was a loaded car with both seals intact; that upon discovery of this he then pointed out still another car and said this latter one also resembled the one he got the articles out of, but claimed all the time he got the articles out of an empty car, and said it must have been moved. Appellant himself claims that he told the officers all the time that he got the casings out of an empty car, but took them to the place on

the track where he had first discovered the empty car sitting in which the casings were, and there pointed out a loaded car which was similar to the one out of which he had gotten them; upon the discovery that this car was loaded with casings and tubes, that the officers declined to go with him further and let him locate the empty car out of which he claims to have gotten them.

The trial judge qualified the bill of exceptions to the admission of the statement made to special officer Davis by appellant by saying that it was part of the same conversation in which appellant agreed to go with the officers and point out the car out of which the articles had been taken, which was a fact not previously known, and which upon investigation was found to be true and was conducive to show appellant's guilt. We find from an investigation of the record, as heretofore stated, that there were two statements made to Davis by appellant, both of them after he was arrested, the first in the yard before he was taken to the jail. This statement was clearly inadmissible. Nothing was said at that time about pointing out a car. If the one made in the city jail was a part of the same conversation in which he agreed to point out the car from which he claims to have gotten the things it would be admissible, and might render the admission of the first statement harmless error if there was no contradiction as to what he did really tell in the last statement. Appellant himself claims he only told Davis that if an officer would go with him he would show them the car he got the things out of, but was contending all the time that he got them out of an empty car. We are of the opinion that under this state of the record the admission of the first statement was hurtful error.

The indictment alleges the ownership and possession of the property to be in R. E. Williams, Freight Agent, for the I. & G. N. R. R. Co. at Houston. It was the theory of appellant that the car in which he claims to have found the casings and tubes had been unloaded by the consignee, and that these things were left in the car. While Williams was upon the witness stand, counsel for the appellant asked him the following question. "Now, Mr. Williams, if you delivered—If there was delivered to you a bill of lading from an industry, and a car was placed at the industry and they unloaded it, and never reported anything short or lost to you, and they should leave in the car the article of freight, would you be responsible for that that they left in the car?" Objection was urged by the State to the witness answering the foregoing question, which was sustained, and the appellant assigns error. There was no error on the part of the court in sustaining the objection to this question. It was an effort to have a witness testify as to a proposition of law rather than to a statement of fact. It is not a test of ownership in a special owner under an indictment for theft that he would or would not be responsible for the loss of the property in his possession. King v. State, 100 S. W. Rep., 389.

One bill of exceptions was to the argument of the assistant district attorney, in which he told the jury it was the duty of the appellant to note the number and initial of all cars in which freight was left, and report it to the yard office. Counsel for appellant objected because there were no rules requiring employees to take the number or initial of the cars. Evidence was before the jury that an employee who discovered freight left in a car might either leave it there and report the fact of finding it to the yard office, or might deliver it to the yard office in connection with his report. We find no error in the argument of the assistant district attorney in the respect complained of. We think it was a conclusion of his that in making a report of finding freight it would be his duty also to note the number and initial of the car in order that the freight might be properly traced. Some other objections were made to the argument of the district attorney, but the arguments, if improper, were not sufficiently serious to authorize this court to reverse the case on that ground, especially in the absence of a special requested written charge to the jury to disregard them, which does not appear.

One other matter in the record appears to present error. After having charged the jury generally, that if they believed the property was taken from the possession of R. E. Williams, that they would convict; they were told in another paragraph of the charge that if they believed from the evidence beyond a reasonable doubt that appellant took the property in question from an empty box car located in the I. & G. N. yard, and that the property belonged to R. E. Williams, they would convict him, unless they believed he had no fraudulent intent to steal the property at the time.

If appellant took the articles in question from an empty car it is very questionable in our minds whether the property could properly be charged to be in the possession of the agent of the company. It occurs to us, if the car had been delivered to the consignee, and the consignee had finished unloading, and had left some of the property in the car inadvertently, the property so left would be properly charged to have belonged to and have been in the possession of the consignee and not in the local freight agent of the railroad. When the car was turned over, if it was, to the consignee to be unloaded and the bill of lading was surrendered by the consignee, the status of the agent of the railroad company as the special owner changed; the property went into the custody and control of the real owner, to-wit: the consignee; delivery of the shipment had been made; any freight which might have been left in the car would occupy the relation of lost property, which would, of course, be the subject of theft, but the ownership and possession, it occurs to us, would have to be alleged in the party who was really controlling it at the time the property was so left.

On account of the errors suggested, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*