JIM POLK RAINEY v. THE STATE.

No. 5926. Decided May 11, 1921.

1.—Intoxicating Liquors—Possession—Dean Act—Constitutional Law—Indictment.

The so-called Dean Act is Constitutional, and there was no error in overruling the motion to quash the indictment urging that the law was unconstitutional, or that possession was not sufficiently alleged. Following Ex Parte Gilmore, 88 Texas Crim. Rep., 529.

2.—Same—Evidence—Practice on Appeal—Practice in Trial Court.

Where it appeared from the record that the answer of the witness was objectionable, the proper procedure would have been to strike out same as not being responsive, and objection to the question asked was not well taken.

3.—Same—Evidence—Leading Question.

The question, "Did any liquor come into your hands by anybody?", is not open to the objection that it is leading, or hurtful to defendant.

4.—Same—Evidence—Illegal Possession—Intoxicating Liquor.

Where, upon trial of having in his possession intoxicating liquor in violation of the Dean Act, State's counsel exhibited to a witness two bottles, a funnel, and a glass jug and asked him the size of the bottle at the mouth, and the witness answered that it was a little bit larger than the little end of the funnel, there was no reversible error, as the State had the right to show the possession of the liquor by the accused for some purpose other than those excepted by the Statute.

5.—Same—Evidence—Opinion of Witness—Smell of Whisky.

Upon trial of having in possession intoxicating liquors in violation of the Dean Act, there was no error in asking the witness, who had qualified, if he was acquainted with the smell of whisky, that the bottles taken from defendant's car from their odor contained whisky.

6.—Same—Evidence—Bill of Exceptions—Practice in Trial Court.

Where objections are made to the testimony, the bill of exceptions must set forth affirmatively, not only the grounds of objection stated but enough facts to make it reasonably apparent that such objections are meritorious.

**7.—Same—Evidence—Conversation—Declarations of Defendant.**

Upon trial of a violation of the Dean Act, there was no error in admitting testimony setting forth the conversation between the defendant and the sheriff after the former's arrest and after he had made bond, in which defendant made inculpatory statements.

**8.—Same—Evidence—Opinion of Expert Witness.**

Upon trial of a violation of the Dean Act, there was no error in permitting a State's witness to testify that from his experience in manufacturing, drinking, and handling whisky, he could tell that the bottle shown him contained home-made whisky and that it was intoxicating; there being no contention on this question..

**9.—Same—Evidence—Materiality of Testimony—Trial Court Practice.**

Where a witness testified without apparent objection that defendant had a pistol in his car, when arrested, and the record showed on appeal that this testimony had been excluded, there was no reversible error.

**10.—Same—Argument of Counsel—Requested Charge.**

In the absence of a requested charge, against the argument of State's counsel, in which he said, "Look at that stuff. Put a pistol beside it, then you would have a picture of unlawful weapons,"! there was no reversible error under the facts of the instant case.

Appeal from the District Court of Van Zandt. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of a violation of the Dean Law; penalty, imprisonment for one year in the penitentiary.

The opinion states the case.

*Stanford & Sanders,* for appellant.—On question of sufficiency of the indictment and insufficiency of the evidence: Bell v. State, 228 S. W. Rep., 232; Reeves v. State, 227 id., 668; Williams v. State, 227 id., 316.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Van Zandt County of having in his possession intoxicating liquor, not for mechanical, scientific, medicinal or sacramental purposes, in violation of what is termed the Dean Act, and his punishment fixed at one year in the penitentiary.

There are fourteen bills of exception in this record, the contentions in which will be noticed without mention of the formal objections made.

A motion to quash the indictment for its failure to use the expression "had in his possession" the liquor in question, was properly overruled as it appears that the indictment charged the accused "did possess" such liquor, and we see no substantial variance. That the law under which the prosecution was had is unconstitutional, etc., has been fully decided in Ex parte, Gilmore, 88 Texas Crim. Rep., 529, 228

S. W. Rep., 199. That the State's attorney asked a witness, "What first attracted your attention to the defendant?," did not appear to call for the answer given, which was "I was standing at the fountain watching for him,—expecting him,—I had been called,—well I was watching for him." It would seem that if this answer was objection-able the proper procedure would have required a motion to strike out same as not being responsive, and that an objection to the question asked would not seem to be well taken.

The question, "Did and liquor come into your hands,—by anybody?" does not seem to be open to the objection that it was leading, or contained matter hurtful to appellant.

State's counsel exhibited to a witness two bottles, a funnel and a glass jug, and asked him what was the size of the bottle at the mouth, and the witness answered, "Just a little bit larger than the little end of the funnel." No objection was made to this as not being responsive, but it was objected to as having a tendency to convey to the jury the impression that appellant was engaged in selling the liquor found in his possession, and that the effect of this was prejudicial. We do not agree to this proposition, for it is a necessary part of the proof in a case such as the instant case, that it be shown that the possession of the accused was for some purpose other than those excepted by statute, and if the proof showed that he had the liquor in question for sale, it would be pertinent as establishing the kind of possession made punishable by statute.

Appellant objected to a State witness, who said he was acquainted with the smell of whisky and "had smelled lots of it," being permitted to testify that the bottles taken from appellant's car, from their odor, contained whisky because not qualified. We are unable to see any sufficient reason why one who knows the smell, taste or appearance of a given substance, may not testify from such examination, his conclusion as to what the substance so examined is. The objection would seem to refer more to the weight than to the admissibility of the testimony. This is true of the objection to the testimony of the witness Osborne who said he had not much experience with whisky, but that in his judgment that shown him was whisky.

This witness also testified that a jug shown him had the same smell as "it had that night." The bill sets out various grounds of objection to this testimony which does not seem to us to be of much materiality but no statement of the surrounding facts, relating to the matter objected to, is made in the bill of exceptions from which we may determine whether the objections made are tenable. This condition also obtains in appellant's bill of exceptions No. 9, which sets out certain objections to testimony to the effect that the contents of certain bottles, by taste and smell, appeared to be sorry corn whisky in the judgment of the witness. The objection seems to be that the witness was not qualified, and that there was no identification of the liquor exhibited to him, as that found in appellant's possession. When objections are

made the bill setting same forth must show affirmatively not only the grounds of objections stated, but enough facts to make it reasonably apparent that such objections are meritorious.

Bill of exceptions No. 10 sets forth a conversation had between appellant and the sheriff after the arrest of appellant and he had made bond. The bill is not clear, but the court below approved same with a reference to the statement of facts, from which we gather that appellant went to the sheriff on said occasion and asked his opinion as to the best course to pursue, and the officer told him what he thought, and in response to what was said by the officer appellant stated he did not deny having the liquor in question, but had made his mistake by being caught with it. The statement of appellant, and that which was part of the same conversation and which elicited his statement and shed light upon it, was admissible. In this same conversation appellant said that he drank too much. This was admissible as bearing upon the question that the liquor was possessed for an unlawful purpose.

The witness Kellis was permitted to state that from his experience in manufacturing, drinking and handling whisky, he could tell that the bottle shown him contained home made whisky and that it was intoxicating. This does not appear to be erroneous. The liquor involved was tasted, examined and smelled by a number of witnesses, each of whom testified to its character. and the record is practically bare of any serious contention on that question.

A witness testified, without apparent objection, that appellant had a pistol in his car when arrested. The record also shows that upon motion of appellant this testimony was excluded.

By his fourteenth bill of exceptions appellant complains that durin gthe argument State's counsel had before him three bottles, two containing the liquor in question, and one empty; also a funnel, and that he said to the jury, "Look at that stuc, put a pistol beside it, then you would have a picture of unlawful yeapons." The bill of exceptions statees that this was objected to and the court asked to instruct the jury not to consider same, but we are unable to find in the record any written request to the jury asking the mnot to consider such argument. The only question thus presented to us is whether such argument was of that character as to make it so materially injurious to the rights of appellant as to require a reversal, in the absence of any requested instruction such as just mentioned. We do not think so. It was not the statement of any fact *dehors* the record, which was likely to produce substantial injury to the accused, but would appear to be more in the nature of an attempted pleasantry on the part of counsel for the State. Appellant was not charged with making an assault upon anybody by the use or carriage of unlawful weapons, and a statement that putting three whisky bottles and a pistol together would make a picture of unlawful weapons, would not appear to us to produce any serious injury to the rights of appellant.

We have given careful attention to each of the matters presented by appellant, and finding no reversible error in the record, an affirmance is ordered.

*Affirmed.*

### ON REHEARING.

### June 1, 1921.

HAWKINS, Judge.—Since the motion for rehearing has been filed, we have again examined the statement of facts, in order to consider the bills of exceptions in the light of the entire record. Having done so patiently and carefully we find no reason for changing our former opinion.

Believing the case was properly disposed of, the motion for rehearing is overruled.

*Overruled.*