## W. H. WHITMIRE v. THE STATE.

No. 6802.   Decided November 22, 1922.

**1.—Quarantine Law—Bills of Exception.**

Where defendant's bills of exception in which · he complains of the admission or failure to admit certain testimony were entirely insufficient they cannot be considered on appeal.

**2.—Same—Bills of Exception—Rule Stated.**

A bill of exceptions should be made so full and certain in its statements as that in and of itself it will disclose all that is necessary to manifest the supposed error, and should disclose the relevancy and materiality of the proposed evidence when exceptions are taken to the exclusion of evidence, and should give the court information as to what the proper testimony would have been.   ·

**3.—Same—Argument of Counsel—Practice on Appeal.**

In the absence of the reason for the objection to the argument objected to, and in the absence of a requested charge withdrawing said argument, and in view of the lowest fine being assessed, there is no reversible error.

Appeal from the County Court of Burnet.   Tried below before the Honorable J. R. Smith.

Appeal from a conviction of violation of the quarantine law respecting infected cattle; penalty, a fine of $217.

The opinion states the case.

*Ben L. King* and *O. B. Zimmerman,* for appellant.—Cited: Carter v. State, 127 S. W. Rep., 215, 53 Texas Crim. Rep., 281.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was prosecuted and convicted under Section 11, Chapter 12, 1st Called Session, Thirty-fifth Legislature, page 14 (Now Article 1284j, Complete Texas Statutes, 1920) for driving 217 head of cattle from a quarantined district without a permit from an inspector of the Live Stock Sanitary Commission.   The fine assessed was $217.   That the cattle were moved without the permit is established by the State and admitted by appellant.

There are fifteen bills of exception in the record, the first fourteen of which we regret to say are in such condition as to give us no proper basis to discuss or consider the matters urged as being erroneous.   We adopt the State's brief with reference to the bills.

"Appellant has fourteen bills of exceptions (Tr. 6-12) in which he complains of the admission, or failure to admit, certain testimony. The bills are entirely insufficient, because they are not full enough to apprise the Court of appellant's contentions.   There is not one

reason assigned in either of the bills, sustaining the objection of appellant. Neither is there anything in the bills, where testimony was excluded on motion of the State, showing the materiality of said excluded testimony. In other words, all of the bills are insufficient, because they simply state that appellant excepted and objected to the court's action in admitting or excluding certain testimony, without giving any reasons why said testimony would be admissible, or should have been excluded, as the case might be, and the said bills are entirely insufficient for this reason. The bills also are not full enough, and do not show the materiality of the excluded testimony on their face, so that the objections and contentions of appellant would be apparent. AUTHORITIES.. Branch's Ann. Penal Code, pp. 131-136, and collated authorities.

" 'A bill of exceptions should be made so full and certain in its statements as that in and of itself it will disclose all that it necessary to manifest the supposed error.' Branch's Ann. Penal Code, Sec. 207, and authorities cited.

" ' A bill of exceptions taken to the exclusion of evidence, should disclose the relevacy and materiality of the proposed evidence. Inference will not be indulged to supply the omission of such essentials.' " Branch's Ann. Penal Code, Sec. 212, and authorities cited.

In addition to what the foregoing brief states, we would observe that bills numbers 1, 5, 9, 11 and 12 all complain at the refusal of the court to admit evidence, but give us no information as to what the proffered testimony would have been. Manifestly there is no way for us to know whether the evidence would have been pertinent. (See authorities collated under Section 212, Branch's Ann. P. C.).

In his argument the county attorney stated to the jury that "Burnet County had spent thousands of dollars in enforcing the dipping law, and that it was their duty as jurors to convict said defendant and enforce the dipping law." The reasons for objection were that under the rulings of the court no evidence was permitted as to whether the cattle were dipped. The record is so incomplete we are unable to appraise the force of the objection. Of course appellant should not have been convicted because Burnet County had expended money; but the record shows appellant had violated the law by moving his cattle without a permit; this being true it was the jury's duty to convict. While objection to the argument was made no instruction was requested directing the jury to disregard it. Rainey v. State, 89 Texas Crim. Rep., 296, 231 S. W. Rep., 118; Monroe v. State, 89 Texas Crim. Rep., 326, 230 S. W. Rep., 995. The lowest fine was assessed against accused. We cannot regard the argument as so manifestly harmful as to call for reversal. Bowlin v. State, (No. 6418, opinion November 1, 1922) ; Vineyard v. State (No. 6545, opinion November 8, 1922).

Under the state of the record, the judgment must of necessity be affirmed.                                                                          *Affirmed.*