### B. H. CARPENTER V. THE STATE.

No. 7246. Decided May 9, 1923.

Rehearing denied November 12, 1924.

**1.—Manslaughter—Continuance—Third Application—Properly Refused.**

Where appellant presented a third application for a continuance on account of the absence of his wife, by whom he expected to prove facts that were testified to upon the trial, and which two other witnesses present at the trial, and who were not used by appellant, would have also testified to, such application was properly denied.

**2.—Same—Continuance—Contesting by State.**

The state has the right, by affidavit to contest appellant's application for a continuance, and when a continuance has been previously granted on account of the absence of the same witness due to witness' illness, it was proper for state to show that future attendance of such witness is improbable, and that other witnesses were present by whom the same testimony can be obtained.

**3.—Same—Special Venire—Drawing and Summoning.**

Where all of the special venire drawn and summoned, appear at the trial, it is unnecessary to discuss any irregularities in the manner of service which question might have become difficult, had the jurors not appeared. Taylor v. State, 87 Tex. Crim. Rep., 330.

**4.—Same—Evidence—Bills of Exception—Harmless Error.**

Where a bill of exceptions complains of various matters transpiring at times other than that of the homicide, on the ground that such testimony is immaterial, irrelevant, and prejudicial a case will not be reversed for its admission unless it clearly appears that its admission was harmful. Where

as in this case, the evidence is convincing, the conviction for the lowest grade and the punishment the minimum, no injury is shown.

**5.—Same—Charge of Court—Submission of Murder—Proper.**

In this cause appellants objection to the submission by the court in his charge to the jury of murder, is not well taken. The decision of such question is for the jury. Doss v. State, 43 Tex. C. R. and other cases cited.

### ON MOTION FOR REHEARING.

**6.—Same—Bills of Exception—How Framed—Sufficiency of.**

A bill of exception which merely presents complaints of a question and answer, without any surrounding or connecting facts, as would enable this court to weigh the propositions contained in such bills, does not put the bills of exception in such shape as that the court can consider same. A bill which compels this court to search through the statement of facts in an effort to make it intelligible, cannot be considered.

Appeal from the District Court of Cottle County. Tried below before the Hon. J. H. Milan, Judge.

Appeal from a conviction for manslaughter; penalty, two years in the penitentiary.

*W. J. Arrington,* and *Benson & Benson,* for appellant.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Cottle County of manslaughter, and his punishment fixed at two years in the penitentiary.

Appellant was a share-cropper tenant of deceased. Trouble and bad feeling existed prior to the day of the homicide. Appellant had a field of sorghum cane. Just before it was ready to cut for hay, he left the premises and was gone for some weeks and while away, deceased cut said cane. The men disagreed about payment for the cutting and deceased objected to the removal of division of the cane hay until the cutting was paid for. As part of the rental contract deceased furnished to appellant a wagon and team.

On the day of the homicide appellant and one McDonald with their wives and a child or two of each were removing part of the sorghum cane mentioned from the field. They seem to have loaded one wagon with the cane and on this the two women and some children were leaving the field. The wagon in use by appellant and McDonald was forty or fifty yards from the one on which were the women, the latter being the wagon owned by deceased. About this time deceased came by and observed them in the act of removing the cane. After some words with appellant, deceased and his son drove down to where the other wagon was, and deceased there removed the pin from the doubletree of the wagon and took the taps off the rear wheels of said wagon and threw them in his own wagon

which he then entered and started to leave the field. As deceased drove away appellant came rushing up to the wagon in which the women were and fired at deceased twice with a gun, the second shot taking effect in the head of deceased and killing him. Appellant claimed that just before he fired deceased put his hand in his pocket and that he thought deceased was going to kill him. The eighteen-year-old son of deceased who was with him at the time said that his father had nothing except his pocket knife in his pocket.

Appellant sought a continuance because of the absence of his wife. It was the third application. In such case it must be averred that the testimony desired from the absent witness can not be procured from any other source known to the accused. The truth of this averment addresses itself to the sound judgment of the trial court in passing upon the motion for new trial. In the instant case the facts desired from the absent witness consisted of statements alleged to have been made by deceased as he was taking the taps from said wagon. It appears from the record that Mrs. McDonald, the woman who was with the wife of appellant, was a witness for the defense and testified fully to the statements made by deceased at the time he took the taps from the wagon; also it appears that the twelve-year-old son of appellant was available as a witness on this point but he was not used by the defense; also that a son of Mr. McDonald nine years old was available, he, too, not being used. In view of these facts we conclude the refusal of the motion for continuance presents no error.

The trial court correctly refused to strike out, upon motion of appellant, the State's affidavit controverting the application for a continuance. There a case has been before continued by the accused because of the illness of a witness, the State may be permitted to traverse the allegation of a subsequent application by the defense and to support same by proof of the fact that the condition of the absent witness is such as that future attendance is improbable, and also support an allegation that there are other witnesses present from whom the same testimony can be obtained. Attaway v. State, 31 Texas Crim. Rep., 477; Roquemore v. State, 54 Texas Crim. Rep., 594; Lane v. State, 28 S. W. Rep., 202.

The court below ordered a special venire of seventy-two men and directed that they be drawn from the list of regular jurors prepared by the jury commissioners for that term. Some of the veniremen were summoned in one way and some another. All were present when the case was called for trial. This fact renders it unnecessary for us to discuss any irreguarities in the manner of service,—which question might become difficult had the jurors not appeared. Brown v. State, 87 Texas Crim. Rep., 261. Cottle County not being under the jury wheel law, there could be no objection to having veniremen

drawn from men selected by the jury commissioners to serve as jurors for the term. Taylor v. State, 87 Texas Crim. Rep., 330. That another special venire list was drawn from the same number of jurors so selected by the jury commissioners, presents no objection available to appellant.

No error was committed in allowing the son of deceased to testify that when shot, his father had nothing but a pocket knife.

Appellant's bills of exceptions Nos. 5 to 14 inclusive present his various objections to testimony of matters transpiring at times other than that of the homicide, the general theory of the objections being that same were prejudicial and harmful to appellant. Unless for some possible reason suggested by the record a harmful result may have been likely from the admission of testimony objected to as immaterial, irrelevant and prejudicial, a case should not be reversed for its admission. The conviction herein was for manslaughter with the lowest punishment affixed. By the evidence it is established without dispute that deceased after removing the taps from the wagon above referred to, had gotten into his wagon and was going away from the spot when appellant shot him. The only possible excuses or justification offered were, first the rage of appellant at the conduct of deceased, and, second, the fact that deceased put his hand to his pocket as testified to by appellant. The verdict of the jury reflects the fact that they concede to appellant that uncontrollable passion which reduces a homicide to manslaughter. The mercy of the jury caused them to give to appellant the lowest penalty. There is nothing causing us to entertain any belief that the jury were influenced to appellant's harm by any of the matters objected to in the bills of exception under discussion, and we conclude no error appears in any of them even if the matters objected to were subject to the complaints, which however we do not believe to be the fact.

The complaint that the court submitted murder to the jury in the charge, has no substantial foundation. The decision of such questions is for the jury. Doss v. State, 43 Texas Crim. Rep., 551; Williams v. State, 90 Texas Crim. Rep., 451.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

LATTIMORE, Judge.—The discussion of the refusal of the court to strike out the controverting affidavit of the State to the appellant's application for continuance is somewhat academic inasmuch as the court would have had a perfect right to hear evidence on the matter, and his action would have been upheld by us in the absence

of such affidavit. However, to the authorities cited in support of his part of the court's opinion will be added Hyde v. State, 16 Texas, 445; Murray v. State, 1 Texas Crim. App., 174; Merritt v. State, 2 Texas Crim. App., 181; Dixon v. State, 2 Texas Crim. App., 533; Vickery v. State, 7 Texas Crim. App., 402. We regard the matters set up in the controverting affidavit of the prosecuting attorney as affecting diligence. One who seeks a continuance because of the absence of a fictitious person, or one who is dead, or one whose attendance can never be secured, could hardly be said to have exercised diligence in his effort to prepare his case for trial, and would not be inclined to hold the court without power to inquire into and hear evidence upon such matters, an dif satisfied from the evidence heard that the condition named above existed, a continuance would be rightly refused. The authorities cited by appellant in support of this part of his motion correctly hold that the truthfulness, etc., of the absent testimony, which would be questions for the jury and not the court, cannot be made the subject of controverting affidavits and may not be tested by the introduction of evidence and decided by the court when the application is presented.

We are of opinion that no error was committed in the selection of the special venire. Cottle County does not appear to be under the jury wheel law. Harris v. State, 241 S. W. Rep., 177, fully discusses the proposition involved.

Appellant further combats our conclusion that the complaints evidenced by his bills of exception Nos. 5 to 14 present no questions materially affecting the correctness of the judgment rendered. The earnestness with which this proposition is presented has caused us to again carefully examine said bills, but without any change in our conclusion as to the matter. In addition to the reason given in the original opinion that the matters complained of were not such as to materially affect the result, a re-examination of said bills discloses that bills 7, 8, 9, 10, 11, 12, 13 and 14 merely present complaints of a question and answer without any surrounding or connecting facts, or the certification of the lack of pertinence and materiality from the circumstances and surroundings, as would enable this court to weigh the propositions contained in said several bills of exception. To set out the question asked the witness and the answer of the witness and that same is objected to because it is immaterial, irrelevant, and prejudicial, without any other statement of the facts in evidence or matters which would render said testimony objectionable or inadmissible, does not put the bills of exception in such shape as that this court can consider same. A bill which compels this court to search through the statement of facts in an effort to lacate some matter which would affect the admissibility *vel non* of evidence complained of, will not be allowed. Thompson v. State , 90 Texas Srim. Rep., 15; Clark

v. State, 90 Texas Crim. Rep., 613; Rainey v. State, 89 Texas Crim. Rep., 293. Authorities without number might be cited holding that a bill is not sufficient which does not in itself reveal the error of the matter complained of.

Believing the case correctly decided in the first instance, and that the motion is without merit, same will be overruled.

*Overruled.*