RED JONES v. THE STATE.

No. 8883. Delivered May 27, 1925.

**Transporting Intoxicating Liquor—Bills of Exception—When Not Comprehensive—Not Considered.**

There are three bills of exceptions in this record, all of them complaining of the admission of testimony over the objections of appellant, and none of them are sufficiently comprehensive to be considered. This court will not consider bills of exception unless they state sufficient facts to enable us to determine without going through the statement of facts as to whether or not error has been committed. The evidence being ample to sustain the judgment the cause is affirmed.

Appeal from the District Court of Callahan County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*S. E. Damon,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the District Court of Callahan County for the offense of transporting liquor, and his punishment assessed at confinement in the penitentiary for a term of one year.

The state's testimony shows that the appellant in company with one Neut Staggs and two girls went from the town of Cross Plains on or about the first day of March, 1924, to the town of Pioneer and that while at the town of Pioneer appellant procured some liquor, and when he came back to the car they drove to Rising Star, and that they, the four of them, drank of the whisky between the towns of Pioneer and Rising Star. The testimony shows that the four drank quite a bit of this liquor, and the four were more or less under the influence of it. It seems that after coming back to Cross Plains, the appellant carried the two girls home and went to bed at their house. The state's testimony if true is entirely sufficient to show that the appellant transported the liquor and that he and the other three

parties in the car with him drank of it with more or less frequency.

There are but three bills of exception in the record. The first complains that the witness H. J. Mayers stated that the defendant said "I have brought the girls home just like I took them off, but I have brought them back just as drunk as hell, and I am as drunk as hell." The bill further states that this testimony was objected to by the defendant at the time it was taken upon the following grounds: "The evidence is immaterial, irrelevant and highly inflammatory and did not tend to prove or disprove any issue in the case." The bill states that Jones was indicted for transporting whisky and all the evidence showed that any liquor they might have had was disposed of at the time they were at the stock pens, therefore this testimony did not tend to disprove any issue in the case." The above is a full statement of the entire substance of this bill of exception. It will be observed that it fails in any manner to state any facts upon which this court could determine as to whether an error is shown by it. For instance it fails to show to whom this statement to which objection is urged was made and in what connection it was made and where it was made and when it was made. Under this condition of the bill, we have no option but to say that it does not present error.

Bill No. 2 is in a worse condition. It simply states that all the witnesses testifying in this case in behalf of the state were permitted to testify as to the state of intoxication of the defendant, which testimony was objected to by the defendant at the time it was offered upon the grounds that it was immaterial, irrelevant, and did not tend to prove or disprove the issue of transporting spirituous liquors, and was calculated to prejudice the jury against the defendant. We have no way of determining from this bill as to whether the testimony was admissible or not. It has often been decided by this court that a bill of exceptions within itself must state sufficient facts to enable us to determine whether error was committed in the ruling complained of. See Robbins v. State, recently decided and not yet reported, for full collation of authorities on this question.

Bill No. 3 complains that the court permitted the witness Brown to detail to the jury the facts about the defendant coming into his house and going to bed. The objection to this testimony was that it was immaterial, irrelevant, highly inflammatory and did not tend to prove or disprove any issue in the case. Just how, and in what way the fact that a witness testifies that the appellant came into his house and went to bed would or would not be immaterial or irrelevant or inflammatory is not a matter that we are able to determine, unless we know the condition of the record at the time the testimony was admitted.

It seems a useless waste of time to again say that this court will not consider bills of exception unless they state sufficient facts to enable it to determine without going through the statement of facts as to whether or not error has been committed. This has been the universal holding of this court since its organization.

We have carefully examined the evidence in the case and it is our conclusion that it is wholly sufficient to warrant the jury in saying that the appellant was guilty of the offense of transporting liquor in violation of the law.

Finding no error in the record it is our opinion that the judgment should in all things be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.