SAM WALKER v. THE STATE.

No. 11542.   Delivered October 31, 1928.
Rehearing denied January 9, 1929.

The opinion states the case.

*Dial & Brim* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manslaughter; the punishment confinement in the penitentiary for three years.

Testifying in his own behalf appellant admitted that he killed deceased, but declared that he believed at the time that deceased was preparing to strike him with an automobile crank.   It is unnecessary to detail the testimony offered by the state.   The evidence is sufficient to support the conviction.

Bill of exception Number 2 complains of the action of the court in permitting a witness for the state to testify that in his opinion human tracks found on the ground near the scene of the homicide

were made by the shoes of appellant, the objection being that a proper predicate for the expression of the opinion had not been laid. That the conviction in any degree depended on the identity of tracks is not shown by the bill. The bill is wholly devoid of any of the surrounding circumstances or facts attendant upon or precedent to the matter complained of as error. A bill of exception within itself must state sufficient facts to enable us to determine whether error was committed in the matter complained of. Jones v. State, 273 S. W. 258. The bill fails to manifest error.

As shown by bill of exception Number 3, the state's witness Pounds was permitted to testify that he found a key on the outside of the door of deceased's room which did not fit the lock. It is stated as a ground of objection that such testimony was not in rebuttal of anything offered by appellant and was an attempt by the state to impeach its own witness. The bill contains no facts in verification of the objections. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code, Sec. 209; Buchanan v. State, 298 S. W. 569.

Bills of exception Numbers 4 and 5 are also insufficient to manifest error in that the grounds of objection contained therein are not verified by facts.

The doctor who examined deceased testified, after describing the wounds, that in his opinion deceased could not have walked to his room after receiving the wounds. Appellant's objection, as shown in bill of exception Number 6, that a sufficient predicate for the expression of such opinion had not been laid was properly overruled.

Buster Walker, a witness for the state, testified that he witnessed the homicide. On cross-examination, Walker stated that deceased made a motion to hit appellant with an automobile crank before appellant struck deceased. Appellant requested the court to charge the jury that the state having placed the witness Walker on the stand was bound by his exculpatory statements. The rule contended for by appellant seems to be confined to cases in which the state takes the initiative and introduces a confession or admission of the accused made out of the court. No such state of facts appears here, and the court properly refused to give the charge. Musselman v. State, 274 S. W. 628.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant bases his motion for rehearing on a claimed error in disposing of his bills of exception numbers three, four, five and six. Each of these four bills begin with the same recital, which is that the state had proved by one Walker that the difficulty between "appellant and deceased occurred near a tree in the vicinity where deceased lived;" then each of the bills proceeds to set out certain testimony from other witnesses for the state which was objected to on the ground that it was irrelevant and an attempt to impeach its own witness Walker. No recital appears in any of the bills which makes it apparent that the evidence so introduced was either irrelevant or impeaching. We gather from appellant's motion and the statement of facts that Walker had testified that the assault which resulted in deceased's death occurred in front of deceased's house. Walker claimed to have been an eye witness to the assault. Deceased was found in his bed upstairs suffering from a serious head wound which resulted in his death. The evidence of the other witnesses introduced by the state was to proof of circumstances from which the jury might have concluded that the assault was made upon deceased while he was in bed in his room. Unless we misapprehend appellant's position it is that the evidence objected to was inadmissible because it did not conform to the story told by Walker. We are not aware of any authority giving sanction to such principle. Ordinarily the state may call any witnesses her counsel sees fit and if their testimony varies the state may find it necessary to call upon the jury to determine the truth of the matter, but the witnesses cannot be said to "impeach" one another as that term is ordinarily understood, however much their testimony may present variant theories.

The motion for rehearing is overruled.

*Overruled.*