## W. E. CLAYBROOK V. THE STATE.

No. 17103.  Delivered January 9, 1935.
Rehearing Denied February 13, 1935.

The opinion states the case.

*J. Shirley Cook* and *Harry Mason*, both of Vernon, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of an assult with intent to commit murder, and his punishment assessed at confinement in the State penitentiary for a term of five years.

The record shows that the appellant shot his former wife from whom he had been divorced about ten months prior to the time of the alleged offense. The appellant and his former wife had five children who lived with their mother. He had married again and was living with his second wife but on certain occasions would go to the home of his former wife to see the children and talk to her. On the evening of the day prior to the time of the alleged offense, he, the appellant, appeared at the home of his former wife, ate supper with them, and insisted on spending the night with them. To this his former wife objected and when he refused to leave, she left and went to the home of a neighbor where she spent the night and the following morning until about 11 o'clock A. M., when she returned to her home, at which time the appellant was still in bed. She then prepared the noon meal and invited the appellant to join the faimly at the table, which he did. A quarrel arose between him and his former wife because she declined to live with him at least part of the time. He also accused her of having met or agreed to meet a man at the schoolhouse the night before and made some other offensive remarks to her, whereupon she told him to leave and stay away from her home. Immediately after having eaten their noon meal, his former wife began dressing preparatory to going up town to her work and while she was in the kitchen putting on a dress he shot her in the leg. The appellant testified in his own behalf that he did so in self-defense; that some two years prior to the time of the alleged offense she shot him in the back which partially paralyzed him; that he knew she had a small pistol which she carried in her handbag; that she had made serious threats against him which had been communicated to him, and at the time of the alleged offense she took her handbag out of the kitchen cabinet, which caused him to believe that she would carry her threats into execution, whereupon he shot her; that he was afraid she would shoot him and he did not intend to kill her; that after she was shot she dropped the handbag which he later picked up and found it contained a 25 automatic pistol.

By bill of exception No. 1 the appellant complains of the action of the trial court in permitting the district attorney, on cross-examination of the appellant, to ask him the following questions: "What is your present wife's name?" A: "Sybil." "When was the baby born?" A. "October." "Before you married her?" A: "Yes," to which appellant objected because it was immaterial, irrelevant, and prejudicial. This court has held many times that a bill of exception which merely recites or states as the ground of objection that the evidence is irrelevant, immaterial and prejudicial without setting out any facts to show that it is so is insufficient. See Carpenter v. State, 98 Texas Crim. Rep., 307, 265 S. W. 706, on motion for rehearing; Jones v. State, 100 Texas Crim. Rep., 277; Hickox v. State, 285 S. W. 621; Barfield v. State, 41 Texas Crim. Rep., 19, and many other cases might be cited. Hence the bill of exception does not properly present any question for review.

By the bill of exception No. 2 the appellant complains of certain argument of the district attorney, but the bill further shows that the court properly sustained appellant's objections and instructed the jury not to consider same. Under the circumstances we do not think the bill of exception shows any error as the argument was not of such nature as to arouse the passion or prejudice of the jurors to such an extent that it could not be withdrawn by the court.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

Hawkins, J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This case was affirmed on January 9, 1935. Appellant files a motion for rehearing, accompanying which appears a certified copy of a judgment of the district court adjudging appellant to be insane. The date of said judgment is October 23, 1934. The State's reply to the appellant's motion is to present a certified copy of another judgment of the same court, rendered on February 5, 1935, in which said appellant, upon a hearing, was adjudged and found to be sane. This being true, and no other point being made in appellant's motion for rehearing, said motion will be overruled.

*Overruled.*