JOHNNY MOORE v. THE STATE.

No. 18421. Delivered October 14, 1936.
Rehearing Denied December 2, 1936.

362

The opinion states the case.

*Eddie Roark*, of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property over the value of $50; the punishment, confinement in the penitentiary for two years.

No statement of facts is brought forward. We are unable to appraise the bills of exception found in the record in the absence of a statement of facts.

In his motion for a new trial appellant alleged the jury were guilty of misconduct in that they considered and discussed his failure to testify. The testimony adduced on the motion was to the effect that one of the jurors casually referred to appellant's failure to testify. The foreman of the jury promptly admonished him, and no discussion of the failure of appellant to testify ensued. This court has uniformly held that a casual reference in the jury room to the failure of the accused to testify, which is not followed by any discussion of such failure, is not such misconduct as would warrant a reversal of the judgment. Day v. State, 48 S. W. (2d) 266.

The sentence is reformed to show that appellant has been convicted of the offense of theft of property over the value of $50.

As reformed, the judgment is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—A statement of facts properly approved and filed in the trial court is now before us, and the case will be considered as a whole.

The truck of a wholesale tobacco house was left parked in the daytime upon a street in the city of Dallas while the salesman, who had control and possession of the truck and a quantity of merchandise therein, was calling upon the retail trade. Before leaving the truck the salesman securely locked the side doors thereof as well as the doors to the body of the truck from which the merchandise was stolen.

Mrs. Robertson, a witness for the State, testified that after the salesman left the truck she saw the appellant go to it and with an iron bar break the lock on the truck. He then entered the truck very quickly and hurriedly drove it away. She immediately ran into the store and gave the alarm to the salesman that his truck was being stolen. The salesman rushed out in time to see his truck some distance down the street. Some four days thereafter the truck was found where it had been abandoned some distance from Dallas and the contents and merchandise had been taken therefrom.

It appears that Mrs. Robertson went to the police headquarters where she was shown some two or three hundred pictures, and out of this number she identified the picture of the appellant. Sometime thereafter the appellant was arrested and placed in jail. Mrs. Robertson went to the jail and there identified appellant as the man who stole the truck.

Upon re-direct examination by the State the salesman was permitted to testify in effect that he was testifying upon the trial to the same facts which he had theretofore given before the grand jury during the investigation of the case. The complaint is made of the introduction of this testimony because the appellant had not impeached or attempted to impeach the witness and such testimony was therefore not admissible. The qualification to the bill of exceptions shows that upon cross-examination of the witness the appellant attempted to show that the witness had not testified to the same facts as upon the former occasion and was attempting thereby to impeach and discredit the testimony of the State's witness. It is a well-recognized rule that where a State's witness is attempted to be

impeached by showing that he had made contradictory statements out of court different from his testimony upon the trial of the case, that the State is authorized to sustain the witness by proof of similar statements. See Branch's Ann. Tex. P. C., Sec. 181; Pitts v. State, 60 Texas Crim. Rep., 524; Barber v. State, 69 S. W., 515. The admission of the testimony was therefore not error.

Complaint is made because the witness, Mrs. Robertson, was permitted to testify relative to the statement made to the prosecuting witness at the time she gave the alarm relating the fact that the truck was being stolen and in which conversation she not only advised the salesman of the theft but gave him a description of the man who had stolen the truck and how he had broken the lock off the door. This testimony was objected to as being hearsay. It occurred immediately at the time of the commission of the offense and was therefore part of the res gestae and admissible as such.

Complaint is made of the receipt in evidence of the fact that Mrs. Robertson made identification of one of the pictures out of a number which were exhibited to her, and also of the identification which she made of the appellant while he was in jail. The qualifications of the bills of exception show that the witness was very severely cross-examined by the appellant upon her identification and her knowledge and opportunity to recognize the appellant, and by reason of such cross-examination the State was authorized to support her testimony by showing how and when the identification was made.

A bill of exception complains of the argument of State's counsel. The argument complained of violates no mandatory rule. It appears that the argument was withdrawn from the consideration of the jury. There is an absence of any showing in this record that the appellant was injured in any manner by the argument, especially in view of the fact that the minimum penalty was inflicted.

The matter relative to misconduct of the jury, disposed of originally, has been again examined. We are constrained to hold that the matter was correctly disposed of in the original opinion.

The motion for rehearing is overruled.

*Overruled.*