**Johnny Lee BELL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41482.**

Court of Criminal Appeals of Texas.

Sept. 16, 1968.

On Motion to Reinstate Appeal Oct. 30, 1968.

Rehearing Denied Dec. 18, 1968.

Charles C. Smith, Jr., Cameron, for appellant.

John B. Henderson, Jr., County Atty., Cameron, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for assault with intent to murder without malice; the punishment, two years.

Sentence was pronounced and notice of appeal was given December 4, 1967.

The record on appeal has not been prepared and approved as required by Art. 40.09, Vernon's Ann.C.C.P.

■ The time for filing the defendant's brief does not begin to run until the approval of the record by the court. Art. 40.09(9), V.A.C.C.P.

■ The disposition of the appeal will be suspended to await the approval of the record and further proceedings which may be had in the trial court under Art. 40.09, supra, after such approval as though the record had not been filed in this court. Stoker v. State, 415 S.W.2d 923.

The appeal is abated.

## OPINION ON MOTION TO REINSTATE APPEAL

ONION, Judge.

The record has now been approved by the trial court and the appeal will be considered on its merits.

The offense is assault with intent to murder without malice; the punishment, two years.

All three of appellant's grounds of error relate to the sufficiency of the evidence to support the conviction.

The following drama is reflected by the record: The scene, Clark's Place, a tavern in Rockdale, Milam County; the time, early Sunday afternoon, June 18, 1967. The cast includes among others the complaining witness, Charlie Gipson, and his sister Minnie, the appellant and his friend, Floyd Rivers, and Leroy Clark, a tavern owner.

At approximately 2 p. m. on the date in question, appellant and several friends arrived at Clark's Place with two gallon jugs of cold beer, partially consumed, which had been purchased at Andy's, famous for his keg beer and thick sandwiches. Around the same time Charlie Gipson arrived, but sat at a different table from appellant and his friends. Thirty minutes later events began to travel a collision course. Gipson arose to depart upon the arrival of his sister Minnie. At this time appellant, who had fallen asleep at his table, got up to go home with his friend, Floyd Rivers. At the tavern door the appellant bumped into Gipson, the appellant was shoved by Gipson; words were exchanged and a fight ensued. The State's version of what transpired thereafter varies from that of appellant's witnesses.

The State's evidence reflects the appellant first swung at Gipson and then pulled out a pocket knife and cut Gipson severely across the face who then picked up a metal folding chair and struck the appellant in an effort to defend himself, but appellant continued to cut Gipson. Upon the appellant being knocked down several times by the chair, Gipson bade something less than a fond farewell and beat a hasty retreat from the beer joint. Upon Gipson's arrival at the local hospital, approximately 100 stitches were required to close the deep wounds in his face and chest.

Meanwhile back at the suds parlor an officer arrived and placed the appellant under arrest. Rivers, who had obtained possession of appellant's knife, took the same to the home of appellant's step-father.

Appellant's witnesses Jackson and Mitchell related that the bumping at the doorway was accidental, that appellant apologized, and only after he had been knocked to his knees three times by the metal chair did appellant pull his knife to defend himself.

■ The court charged the jury on the law of self-defense and the jury resolved

the conflict in the evidence against the appellant. We find the evidence sufficient to support that verdict.

 Nevertheless, appellant contends that the State called Floyd Rivers as a witness and is bound by his testimony that the appellant was acting in self-defense and, therefore, did not sustain its burden of proof. The State elicited from Rivers the fact that he had delivered the knife in question to appellant's step-father and passed the witness. On cross-examination the the appellant developed the self-defense testimony referred to. Such testimony of the State's witness on cross-examination is not binding on the State. Walker v. State, 111 Tex.Cr.R. 285, 12 S.W.2d 576; 39 Tex.Digest, Witnesses, ☞401. The State further takes the position that even if it is bound by such testimony under these circumstances and is deemed to vouch for the credibility of such witness and may not impeach such witness as being unworthy of belief, it may still contradict the witness' testimony by independent facts showing its inaccuracy or falsity.

The State, therefore, urges that the testimony of its witnesses Charlie Gipson, Leroy Clark and Freddie Lee Pearce fully and satisfactorily contradicts beyond a reasonable doubt the testimony of Rivers and demonstrates its inaccuracy and falsity. We agree. Ground of error #2 is overruled.

 Appellant further contends that the testimony upon which the State relied for conviction was obviously weak and the State failed to sustain its burden of proof beyond a reasonable doubt when it did not call other available witnesses who were shown to be present at the tavern at the time of the offense or account for its failure to do so, citing Ramirez v. State, 163 Tex.Cr.R. 109, 289 S.W.2d 251, 261; Hollingsworth v. State, Tex.Cr.App., 419 S.W. 2d 854. The rule to which appellant has reference has application only to circumstantial evidence cases where the evidence is obviously weak, and it is not here controlling where the prosecution relies upon direct evidence. See 24 Tex.Jur.2d, Sec. 745, p. 427. Musser v. State, 167 Tex.Cr.R. 529, 321 S.W.2d 882; Lockhart v. State, 171 Tex.Cr.R. 648, 352 S.W.2d 749; Bailey v. State, Tex.Cr.App., 385 S.W.2d 241; Watts v. State, Tex.Cr.App., 408 S.W.2d 106.

 We observe that the sentence imposed failed to give application to the indeterminate sentence law. Therefore, it is reformed to read "not less than one (1) year nor more than two (2) years" confinement in the Texas Department of Corrections.

As reformed, the judgment is affirmed.