**Bobby Therrell SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44264.

Court of Criminal Appeals of Texas.

Dec. 7, 1971.

Rehearing Denied Feb. 2, 1972.

Bob Tarrant, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James Larkin, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction of murder without malice. Trial was before the court on a plea of not guilty without the intervention of a jury. Punishment was assessed at two years.

The record reflects that Barbara Smith (appellant's wife), Tom Hoffman, Evelyn Goodwin and Bob Dalton left the Thunderbird Lounge in Houston and went to Dalton's apartment about midnight where they drank beer for about two hours, after which all but Hoffman returned to the Thunderbird Lounge in Dalton's car in order that Barbara might pick up her car.

Goodwin testified that when they arrived at the lounge, she got out of the car leaving Dalton behind the wheel and Barbara in the back seat; that a car with three people in it pulled up to the left of deceased's car, and that appellant got out of the car with something in his hand and hit the window of the car; that Goodwin heard a shot and she saw Dalton laying over in the seat.

The appellant contends that the trial court erred in failing to hold that the state was bound by an inconsistent statement made by Goodwin and in failing to require the state to prove otherwise by other evidence or other witnesses.

On cross-examination, appellant introduced the testimony Goodwin gave at the examining trial in which she denied seeing appellant at the scene of the shooting.

In Walker v. State, 111 Tex.Cr.R. 285, 12 S.W.2d 576, this court held that the state was not bound by the testimony of its witness on cross-examination; that the state is bound by its witness' exculpatory statements only when it takes the initiative and introduces confessions or admissions of accused out of court. See also Bell v. State, Tex.Cr.App., 434 S.W.2d 684.

The testimony of Goodwin at the examining trial, used by appellant for purpose of impeachment, is not an exculpatory statement and the state is not bound by it.

■ Appellant next contends that the evidence presented by the state is wholly insufficient to support the conviction. Goodwin testified at the trial that she saw the car in which appellant was a passenger drive up beside deceased's car, appellant get out with something in his hand, heard a shot fired, and upon turning around, she saw the deceased "laying" in the car. We conclude that the evidence was sufficient to support the conviction. See Parker v. State, Tex.Cr.App., 457 S.W.2d 638.

■ The appellant complains of the court admitting the statement given shortly after the shooting by Goodwin. The state offered same to "rehabilitate" the witness with a statement consistent with her testimony given at the trial. The appellant had introduced the examining trial testimony of the witness which was contrary to her trial testimony. In Kepley v. State, 167 Tex. Cr.R. 233, 320 S.W.2d 143, this court held:

"Where an attempt is made to impeach a witness by showing he made statements different from and contradictory to his testimony at trial, the witness may be supported by showing that shortly after the transaction in question he made statements consistent with his testimony at trial. Vernon's Ann.C.C.P. art. 728." See also Art. 38.24, Vernon's Ann.C.C. P.; Moore v. State, 131 Tex.Cr.R. 361, 98 S.W.2d 816.

When the court admitted the prior statement, he said it was to "try to determine which of her statements is the truth." The trial court's ruling being correct, though for incorrect reasons, will not be disturbed. Moreno v. State, 170 Tex.Cr.R. 410, 341 S.W.2d 455; Parsons v. State, 160 Tex. Cr.R. 387, 271 S.W.2d 643.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.