**Jimmie Lewis LEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46216.**

Court of Criminal Appeals of Texas.

June 20, 1973.

Rehearing Denied July 17, 1973.

Jim Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The offense is sale of heroin; the punishment, ninety-nine (99) years.

The sufficiency of the evidence is not challenged.

Appellant's first four grounds of error involve the admission of extraneous offenses.

Dallas Undercover Agent Charles Mathis testified that he purchased two capsules of heroin from the appellant on April 30, 1971, for $28.00.

Appellant testified and denied the commission of the offense, stating that he was at his brother's house on the date in question, caring for his brother's children and trying to kick his drug habit. Appellant also testified that he "never sold heroin to Charles Mathis or anyone else."

Appellant contends the court erred in permitting Agent Mathis to testify on direct examination about another purchase of heroin he made from appellant.

By denying that he sold the contraband to Mathis and stating that he was at another place, appellant raised the question of identity. Gilmore v. State, Tex.

Cr.App., 493 S.W.2d 163; Gray v. State, Tex.Cr.App., 467 S.W.2d 466. Extraneous offenses are admissible to prove identity if identity is an issue. Jones v. State, Tex. Cr.App., 481 S.W.2d 900. However, the extraneous offenses must have some distinguishing characteristics which are common to it and the primary offense. Ford v. State, Tex.Cr.App., 484 S.W.2d 727. Since appellant was indicted for sale of heroin to Mathis, evidence of other similar sales to Mathis were admissible to show identity. Gray v. State, supra. Mathis' testimony concerning other sales was also admissible to rebut appellant's blanket assertion that he never sold heroin to Charles Mathis or anybody else. Gilmore v. State, supra; Ochoa v. State, Tex.Cr.App., 481 S.W.2d 847.

■ Appellant also contends the court erred in permitting the arresting officer to relate that appellant was arrested beside a flushing commode in the bathroom of a motel room in which officers found, in addition to heroin and narcotics paraphernalia, *a substance used by heroin dealers to dilute their product.* Though we cannot condone the State's presentation of the circumstances of appellant's arrest during its case-in-chief, we must conclude that the testimony in question was admissible to rebut appellant's blanket assertion that he never sold drugs. Ford v. State, supra; Gilmore v. State, supra.

The admission of the extraneous offenses during the State's case-in-chief, though improper, was rendered harmless "since [they] would have been admissible in rebuttal" after appellant's defensive testimony. Johnson v. State, Tex.Cr.App., 494 S. W.2d 870 (1972); Gilmore v. State, supra.

Appellant further complains of the admission of a red balloon, found in appellant's room in the same motel complex. We note the court refused to admit it in evidence and instructed the jury to disregard it.

We overrule grounds of error numbers 1, 2, 3 and 4.

■ In ground of error No. 5, appellant says that the court should have charged the jury that the State was bound by the exculpatory testimony of appellant brought out on cross-examination.

In his brief appellant cites one case to sustain his contention; namely, Otts v. State, 135 Tex.Cr.R. 28, 116 S.W.2d 1084. This involved the introduction by the State of a confession containing an exculpatory statement. It is not in point here, for here the claim is that testimony elicited by the State on cross-examination is binding upon the State. We know of no such rule of law. To so hold would practically preclude the State from asking the defendant or any of his witnesses any questions on cross-examination, for fear of obtaining adverse answers and being bound thereby.

It has been held that the rule on exculpatory statements does not apply to adverse testimony in court. Smith v. State, Tex.Cr.App., 475 S.W.2d 238; Walker v. State, 111 Tex.Cr.R. 285, 12 S.W.2d 576; Bell v. State, Tex.Cr.App., 434 S.W.2d 684.

In appellant's grounds of error numbers 6, 7 and 8, he argues that the court made an error in not responding to his criticism of the charge on extraneous offenses, said objections being that the charge "places a burden on defendant to disprove said offenses and fails to define said offenses or limit their consideration."

The charge on this subject as given by the court is an exact copy of that appearing on page 219 of McClung's jury charges, revised edition, which cites cases. See also Texas Practice Criminal Forms, Sec. 3601. Such charge did not place any burden of proof on appellant, and told the jury not to consider "said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed." It then limited considera-

tion "to the *intent* of defendant, if any, in connection with the offense, if any, alleged against him in the indictment, and for no other purpose."

■ Thus, it will be seen that the charge in limiting the consideration to *intent* was more restrictive than was proper, and was more favorable to appellant than he was entitled to, of which he did not complain in his objections.

We overrule grounds of error numbers 6, 7 and 8.

Ground of error No. 9 advanced by appellant is that the chain of custody of the capsules admitted in evidence was not proved.

■ We have examined the record and find that there was ample proof of the chain of custody. Mathis turned the capsules over to Officer Fowler, who placed them in a locked evidence box, which he gave to Lt. Day, who transported the locked box to Parkland Hospital and delivered same to Price, who turned it over to Dr. Mason to perform the analysis. Dr. Mason testified he performed the analysis and found the substance to be heroin.

We overrule ground of error number 9.

Ground of error No. 10 complains generally as to the cross-examination of appellant. It is multifarious and not in compliance with Art. 40.09, Sec. 9, Vernon's Ann.C.C.P. Nevertheless, we have considered it, and are of the opinion that his contentions are properly dealt with herein under grounds of error numbers 1, 2, 3, and 4, and we overrule.

Appellant in pro se briefs raises additional contentions. We have reviewed the record in the light of his arguments, and overrule them.

We find no reversible error, and affirm the judgment.

Opinion approved by the Court.