**Billy Ray HARRIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36785.**

Court of Criminal Appeals of Texas.

April 1, 1964.

Lawrence R. Green, Dallas, for appellant.

Henry Wade, Dist. Atty., C. M. Turlington, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is robbery; the punishment, thirty years.

The state's evidence shows that the injured party, James Thurmond Hodges, was employed as night attendant at a Fina service station on Highway 77 in Carrollton, Dallas County, Texas. Hodges testified that on the night in question, while he was on duty, two men drove into the station in an automobile and then left. Some thirty minutes later the men returned to the station and, after purchasing some oil, again departed. On the second trip, appellant was recognized by the witness as the driver of the automobile. Later, appellant and his companion returned to the station, at which time appellant asked the witness for some "cigarette change" and handed him a five dollar bill. When the witness went into the station and opened the cash register to change the bill, appellant stuck his hand in his shirt and told the witness he "didn't only want cigarette change, he wanted all of the money." With his hand still inside his shirt appellant then proceeded to order the injured party and another man by the name of Gordon into a back room. While in the room the injured party could hear money being taken from the cash register and when he came to the door appellant said; "Don't get behind me, or you will get hurt." Appellant then shut the door to the back room, went outside, and drove off with his companion in the automobile. The injured party testified that on such occasion he was in fear of his life or bodily injury if he did not comply with appellant's command and that between $95 and $100 was taken from the cash register, without his consent. He further testified that on the night in question the appellant and his companion were intoxicated.

The witness Joe Gordon, called by the state, testified that he was present at the station on the night in question and corroborated the testimony of the injured party as to the details of the robbery.

The state's proof further shows that appellant was arrested about a month after the robbery and, after being duly warned, made and signed a written confession in which he admitted having gone to the station on the night in question, with his companion, and committing the robbery.

Appellant did not testify or offer any evidence in his behalf.

The record presents no formal bills of exception and there are no objections to the court's charge.

Appellant's sole contention on appeal is that the evidence is insufficient to sustain the conviction. This contention we overrule.

The judgment is affirmed.

Opinion approved by the Court.