438 F.2d 116
 Billy Ray HARRIS, Petitioner-Appellant,
v.
Dr. George J. BETO, Director, Texas Department of
Corrections, Respondent-Appellee.
No. 30616 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Feb. 5, 1971.
 
 Billy Ray Harris, pro se.
 Crawford C. Martin, Atty. Gen. of Texas, Gilbert J. Pena, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this appeal a Texas state prisoner attacks as erroneous an order of the United States District Court for the Northern District of Texas denying his petition for the writ of habeas corpus. We affirm.
 
 
 2
 After trial by jury Billy Ray Harris, petitioner-appellant, was convicted of robbery and sentenced in 1963 to thirty years' imprisonment. His conviction was affirmed in Harris v. State, 376 S.W.2d 838 (Tex.Cr.App.1964). In February of 1965 petitioner filed an application for writ of habeas corpus in the United States District Court for the Southern District of Texas in which he attacked his conviction on the grounds, inter alia, that his arrest and subsequent detention was illegal, that he was denied counsel during interrogation and that his confession was coerced. After an evidentiary hearing the district court denied the application. On October 24, 1966, this Court vacated the judgment and remanded the case to the district court for further findings of fact as to whether the police made certain alleged threats and promises that caused petitioner to confess. Harris v. Beto, 5th Cir. 1966, 367 F.2d 567. Upon remand the district court found that the confession was voluntary, and we affirmed that finding in Harris v. Beto, 5th Cir. 1967, 387 F.2d 149. On October 28, 1968 Harris filed in state district court a petition for writ of habeas corpus alleging that (1) he was denied counsel at a police lineup; (2) he was denied counsel at the time of indictment; (3) he was denied a fair trial in that he was brought into the courtroom garbed in a white jail uniform; (4) the state suppressed evidence that his fingerprints were not on the cash register from which the money was taken; and (5) he was denied effective assistance of court-appointed counsel at the trial and on direct appeal from his conviction. After an evidentiary hearing the state court denied the application and entered Findings of Facts and Conclusions of Law. Harris, in an application for writ of habeas corpus, presented the same allegations to the United States District Court for the Northern District of Texas. On the basis of the state court's findings, the district court denied the application. After a careful review of the complete record, we have concluded that the district court has correctly disposed of the petition.
 
 
 3
 United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), in which the Supreme Court recognized the right to counsel at a pretrial lineup, has not been accorded retroactive effect. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Rivers v. United States, 5th Cir. 1968, 400 F.2d 935. Accordingly, appellant's first allegation constitutes no basis for relief. Appellant's second allegation is likewise without merit since at this time there is no constitutional right to be represented by counsel while the Grand Jury is deliberating. We have been unable to find in the transcript or record a single shred of evidence substantiating appellant's third contention. It is clear that he made no objection to his appearance during trial. Moreover, he did not raise the issue in his appeal to the Texas Court of Criminal Appeals and thus denied that court the opportunity of considering the question. We find no clear error in the lower court's finding that the third allegation affords no basis for relief. The state court, in considering appellant's fourth contention, found there was no showing that the alleged evidence existed. We have examined the record and found no clear error in this finding. In addition, we have found no clear error in the lower court's determination that appellant was accorded effective assistance of competent counsel at every material step in the proceedings against him.
 
 
 4
 Accordingly, we affirm.
 
 
 5
 Affirmed.