Terry Lee GRAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 43838.

Court of Criminal Appeals of Texas.

June 2, 1971.

As he did this, his shotgun went off, shooting the owner through the hip. Appellant then ordered the owner to open the cash register, took the money in it, and left the store.

The clerk in the drugstore, Odell Puckett, testified that at the above date and time, appellant and another man came into the store, both dressed in raincoats. Appellant opened his raincoat and "threw" the sawed-off shotgun on Puckett. Puckett then went into the back room to find a pistol hidden there. As the robbers were leaving, Puckett fired twice into the back of their car.

After the above testimony was had, appellant took the stand. He denied that he had ever been in the store and stated that he was at work at the time the robbery occurred. He further stated that he did not own any raincoat except a clear plastic one.

On rebuttal the State introduced the testimony of Phillip W. Welch, Jr. On January 21, 1969, Mr. Welch was employed by a loan company. At 12:15 p. m. on that day, appellant and a companion walked into the back office of the company. Appellant was dressed in a black trenchcoat or raincoat; upon entering the back office, he opened his coat, pulled out a sawed-off shotgun and pointed it at Welch. Appellant demanded money from Welch and he then took the money.

By denying that he robbed the drugstore and stating that he was in another place at the time, appellant raised the issue of the identity of the robber. Extraneous offenses may be admitted to show the identity of the robber when his identity is placed in issue. Gray v. State, Tex.Cr.App., 467 S.W.2d 474 (1971); Mendoza v. State, Tex. Cr.App., 450 S.W.2d 439; Simmons v. State, Tex.Cr.App., 457 S.W.2d 570; Wagner v. State, Tex.Cr.App., 463 S.W.2d 432.

Appellant cites us to no cases holding that the trial court must give a limiting

Hellmut A. Erwing, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and William O. Nelson, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

---

## OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment, six (6) years.

Appellant's sole contention on appeal is that the trial court erred in admitting evidence of an extraneous offense. He further contends that, if it was not error to admit this evidence before the jury, it was error for the trial court to admit the evidence without first instructing the jury that they could consider it only for limited purposes.

The owner of a drugstore in Houston testified that on January 3, 1969 at 12:30 p. m., appellant and another man came into her store and ordered a half-pint of vodka. As the clerk was waiting to receive payment for the liquor, appellant drew back his black raincoat, looked at the clerk and said, "Just give me all of it," apparently referring to the money in the cash register. The owner started running toward the back of the store. Appellant grabbed her by the arm.

instruction to the jury *prior* to admission of testimony about the extraneous offense. In his charge to the jury the trial court instructed them that this testimony was "admitted only for the purpose of showing identity, motive or scheme * * * you may * * * consider the same in determining the purpose for which it was introduced and for no other purpose." We cannot hold that the trial court erred in failing to give a preliminary instruction.

Finding no reversible error, the judgment is affirmed.