**Roosevelt HOPKINS, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 71–3104**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 6, 1972.

Roosevelt Hopkins, pro se.

Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., B. S. Richard, Joseph R. DeLucca, Asst. Attys. Gen., Miami, Fla., for respondent-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Hopkins appeals from an order of the district court denying his petition for the writ of habeas corpus. We affirm.

Appellant was convicted upon trial by jury in the Dade County, Florida Criminal Court of Record of the offenses of robbery and attempted murder. He was sentenced to life imprisonment. The conviction was affirmed on appeal. Hopkins v. State, Fla.App., 192 So.2d 8 (1966), cert. denied, Fla., 200 So.2d 812 (1967). After exhausting state remedies, appellant filed his habeas petition in the court below alleging that (1) the Government knowingly used perjured testimony concerning identification; (2) he was entitled to have counsel present at his lineup; (3) identification testimony of the victim was insufficient; and (4) the trial court failed to direct an acquittal.

Rather than alleging facts in support of his assertions of perjury and insufficient identification, appellant set

---

* [1] Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5th Cir. 1970, 431 F.2d 409, Part. I.

forth excerpts of trial testimony, all of which refer to his being identified by eyewitnesses at the time of the offense and at the lineup. These excerpts are relevant only to the sufficiency of the evidence from which the jury determined appellant's guilt. Sufficiency of evidence is not grounds for federal habeas corpus relief. Pleas v. Wainwright, 5th Cir. 1971, 441 F.2d 56; Summerville v. Cook, 5th Cir. 1971, 438 F.2d 1196; Fulford v. Dutton, 5th Cir. 1967, 380 F.2d 16. As to the allegation that he was denied counsel at the lineup, appellant was tried and convicted before the Supreme Court decided United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. *Wade* has been held not to be retroactively applied. Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; Harris v. Beto, 5th Cir. 1971, 438 F.2d 116. Finally, the contention that the court erred in not directing an acquittal is patently without merit.

Affirmed.