**Jose M. RODRIGUEZ, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 72–3330.

United States Court of Appeals, Fifth Circuit.

Feb. 12, 1973.

Jose M. Rodriguez, pro se.

Robert W. Rust, U. S. Atty., Robert N. Reynolds, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM.

Appellant, represented by privately-retained counsel, was convicted upon trial by jury of selling cocaine, in violation of Title 26, U.S.C., Sections 4704(a) and 4705(a). He was sentenced on May 1, 1969, to five years imprisonment. We affirmed on direct appeal. United States v. Rodriguez, 5 Cir. 1971, 437 F. 2d 940.

The present appeal is from the trial court's denial, on September 20, 1972 without an evidentiary hearing, but with full findings of fact, of his Motion to Vacate sentence under Title 28 U.S.C. Section 2255.[1]

In his Section 2255 motion filed below, appellant alleged that the government knowingly used perjured testimony, made false statements concerning the evidence, suppressed evidence, and failed to correct inaccurate testimony of government witnesses; and that testimony of government witnesses was inconsistent and false. The district court found that appellant failed to show facts to make out a case of perjury, that the conflicts in testimony were for the jury to resolve, and that appellant's allegations failed to raise issues entitling him to collateral relief under Section 2255.

Appended to appellant's Section 2255 motion are portions of the transcript of his trial and a sworn statement by a government agent by which appellant seeks to prove his allegations. Although there are conflicts in the testimony, these fail to show perjury. As the district court found, such conflicts raised factual questions which were for the jury to determine. Hopkins v. Wainwright, 5 Cir., 1972, 458 F.2d 393. Neither is there a substantial discrepancy, as the court below found. Summerville v. Cook, 5 Cir. 1971, 438 F.2d 1196. Beyond bare conclusory allegations, the appellant alleged no facts to show that the U. S. Attorney knowingly used perjured testimony, suppressed evidence, or made false statements. No hearing was required as to these claims.

The trial court's findings of fact are not shown to be "clearly erroneous", Rule 52(a), F.R.Civ.P. Its judgment is

Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.