Jimmy Charles **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45851.

Court of Criminal Appeals of Texas.

March 28, 1973.

Rehearing Denied June 13, 1973.

---

Lindley Gary Beckworth, Jr., Longview, for appellant.

Ralph Prince, Dist. Atty., and Ebb B. Mobley, Asst. Dist. Atty., Longview, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

The appeal stems from a conviction for robbery by assault wherein the punishment was assessed at 35 years.

The record reflects that Esther Close, Assistant Manager of a Cabell's Seven-Eleven Store, was robbed at gunpoint by the appellant of approximately $305.00 about 8:15 p. m. on September 17, 1971 in the City of Kilgore while she was alone in the store.

At the outset, appellant contends the court erred in permitting the complaining witness to make an in-court identification of him because the identification procedures employed "were irregular and so suggestive as to taint the in-court identification" and were conducted at a time when he was without counsel.

■■■ Just as soon as Mrs. Close had made an in-court indentification of the appellant as her assailant, the court, upon subsequent objection, removed the jury and conducted a hearing in their absence. At such hearing, the witness testified that some 10 days or so after the alleged offense, she went to Dallas where 8 to 10 photographs were spread out on a table and from such photographs she easily selected a photograph of the appellant. It appears that these photographs were all of white men, the same age and "about the same category" as the appellant. There was nothing to show that the procedure employed was suggestive in any way. See Evans v. State, 444 S.W.2d 641 (Tex.Cr. App.1969); Daniels v. State, 464 S.W.2d 368 (Tex.Cr.App.1971). Photographic identification of an accused prior to trial does not automatically taint an in-court identification. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Ward v. State, 474 S.W.2d 471 (Tex.Cr.App.1972). Here there was no showing of a denial of due process. Green v. State, 467 S.W.2d 481 (Tex.Cr.App. 1971). When asked if she had been influenced by such procedures, the witness answered, "I would have known him anywhere." She denied she had observed the appellant in a one-to-one confrontation in Dallas. It is clear from the record that her in-court identification was based upon

her observations at the time of the alleged offense and was not tainted by the photographic identification procedures at which time appellant had no counsel. At the conclusion of the hearing at which appellant offered no evidence, the court overruled the objection and permitted identification testimony before the jury.

Later, in the presence of the jury, the appellant testified he was exposed to a one-to-one confrontation with the complaining witness in Dallas and that she gave no signs of recognizing him. At the close of the case, he moved to strike all identification evidence offered by the State and his motion was overruled. Under the circumstances described, we perceive no error.

Next, appellant complains of the admission into evidence of an extraneous offense. During the direct examination of the complaining witness, the following occurred:

"Q Mrs. Close, after you saw this Defendant on the 17th day of September, 1971, did you ever see him again?

A I sure did.

Q When was the next time that you saw him?

A The 26th day of the same month.

Q Where did you see him?

A He was back in the store and robbed me again."

At this point, an objection was interposed, but it was overruled with the court expressly instructing the jury that the testimony was being limited to "identity, intent, motive, or knowledge, if it does."

▮ The appellant relies upon Hafti v. State, 416 S.W.2d 824 (Tex.Cr.App.1967), for the proposition that where the State's testimony leaves no doubt as to the identity of the accused, etc., the proof of an extraneous offense or independent crime is not admissible. He points out that, at the

time the evidence was offered, there was no dispute as to his identity, etc., so as to authorize its admission. He overlooks, however, that he subsequently offered several witnesses to establish that he was in Dallas at the time of the alleged robbery. After the interposed defense of alibi, the extraneous offense would have been admissible on rebuttal on the issue of identity and in refutation of the defensive theory. Gray v. State, 467 S.W.2d 466 (Tex.Cr. App.1971); Blankenship v. State, 448 S. W.2d 476 (Tex.Cr.App.1969); Owens v. State, 450 S.W.2d 324 (Tex.Cr.App.1970). Since it would have been admissible on rebuttal, the error, if any, as to the time of presentation, is rendered harmless.

Further, we observe that the court gave a limiting instruction as to such evidence in his charge to the jury.

Appellant further complains that the court erred in permitting Cara Kennedy, age 7, to testify, since she was not a competent witness and had no understanding of the oath administered to her.

▮ Prior to permitting the witness to testify, the court interrogated the witness to determine her competency. At the conclusion of the hearing, the court ruled she was competent to testify. We find no objection to such conclusion and do not find, under the circumstances, any abuse of discretion. The witness related she entered the store to get a newspaper and observed the robbery taking place. She was unable to identify the appellant as the man she saw in the store. The fact that she entered the store during the time in question was also testified to by her father and the complaining witness.

Lastly, appellant complains that the court erred, over objection, in permitting the State to impeach him with a 1956 forgery conviction and an armed robbery conviction in 1959. He claims both convictions were too remote to be used for impeachment.

▮▮ The testimony shows that the appellant was "discharged" from his 1956

conviction on January 13, 1959, and, during that same year, was convicted of robbery and was released in April, 1970. The instant offense took place on September 17, 1971, and this trial commenced on November 29, 1971. Under the rule of remoteness discussed in Bustillos v. State, 464 S. W.2d 118 (Tex.Cr.App.1971), appellant's contention is without merit. In determining whether a conviction is too remote to be available for impeachment, time is considered to run from the time of release from prison. See 62 Tex.Jur.2d Witnesses § 273, p. 248. See also Penix v. State, 488 S.W.2d 86 (Tex.Cr.App.1972).

We have also carefully considered the grounds of error sought to be raised by appellant's pro se brief and find them to be without merit.

The judgment is affirmed.