Andrew James **SANCHEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45939.

Court of Criminal Appeals of Texas.

April 4, 1973.

Robin M. Green, Amarillo, for appellant.

George E. Dowlen, Canyon, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This appeal is from a conviction of unlawful possession of a narcotic drug, to-wit: heroin. Punishment was assessed by the jury at eight years.

The record reflects that at about 4:30 p. m., on October 10, 1971, police officers armed with a search warrant raided a residence in Amarillo. Six officers engaged in this raid. Officer Trosper entered by the back door, as other officers came in the front. Trosper testified he saw a man, identified as appellant, in a bathroom about ten feet down the hall from the back door, throw what appeared to be pieces of tinfoil at the commode, and then reach as though to flush the toilet. Trosper ran the few feet to the bathroom, and Officer Griffin reached it at the same time. Trosper arrested appellant, while Griffin picked up four pieces of tinfoil and some blue pills from the floor around the commode. The pieces of tinfoil were proved to contain heroin.

Appellant testified that, while he was in the bathroom, he heard a pounding noise on the front door. He stepped in the bath-tub to look out the window, and then heard police come into the house. While in the tub, he saw two "guys" enter the bathroom. One "tried to get rid of something," and appellant saw him throw what appeared to be some blue pills at the commode, flush it, and leave. Appellant denied having possessed any heroin or having thrown any toward the commode or having flushed the toilet.

Appellant, by testimony and photographs, attempted to show that Trosper, in the position that he placed himself, could not have seen appellant throw the pieces of tinfoil toward the commode. Appellant also tried to discredit Trosper's testimony by showing that his reputation for truth and veracity was bad. The identity of the person who possessed the heroin, threw it at the commode and on the floor, and who flushed the toilet, was very much in issue by reason of the evidence introduced by appellant.

Appellant's sole ground of error complains of the action of the trial court in permitting the State to cross-examine appellant with reference to prior offenses of possession of heroin.

Prior to placing appellant on the stand, appellant's counsel, in the absence of the jury, requested the court to instruct the District Attorney to refrain from asking any questions concerning prior extraneous offenses dealing with heroin. The court declined to rule on the request, and stated that he would wait until the occasion arose before ruling. On cross-examination, the State, over appellant's objection that the State was introducing evidence of extraneous offenses, was permitted to ask the following questions and secure these answers:

"Q. (By Mr. Dowlen) Now, Mr. Sanchez, you have possessed heroin in the past, have you not?

"A. A long time ago.

"Q. In Albuquerque?

"A. Yes sir.

"Q. All right."

   *    *    *    *    *    *

"Q. (By Mr. Dowlen) How long ago, Mr. Sanchez?

"A. In August.

"Q. Of last year?

"A. Last year.

"Q. That would be August of 1971?

"A. Yes."

The State next proceeded to elicit from appellant that he had been in a program for the treatment of heroin addicts in August and September, 1971.

The evidence having raised the fact issue of identity of the person who possessed and threw the narcotics toward the commode and flushed the toilet, the testimony complained of was admissible on rebuttal on the issue of identity and in refutation of the defensive theory. Johnson v. State, Tex.Cr.App., 494 S.W.2d 870 (1973); Owens v. State, Tex.Cr.App., 450 S.W.2d 324; Gray v. State, Tex.Cr.App., 467 S.W.2d 466.

Furthermore, appellant called police officer Griffin to testify concerning a conversation he had with appellant on the way to the police station. Griffin testified, without objection, that appellant told him "that he was an addict." Griffin said he then told appellant "he should try to apply to either the judge or the proper authorities to try to get some help."

Error, if any, in the introduction of the evidence which was objected to was rendered harmless in view of Griffin's testimony. East v. State, Tex.Cr.App., 420 S.W.2d 414; Hart v. State, Tex.Cr.App., 447 S.W.2d 944.

Judgment affirmed.

Opinion approved by the Court.