Ralph Cleveland **GILMORE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46081.

Court of Criminal Appeals of Texas.

*April 25, 1973.*

Rehearing Denied May 9, 1973.

**164**

Ken L. Sanders, Houston, Marvin O. Teague (on appeal only), Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

The appeal is from a conviction of robbery by assault. The punishment was assessed at ten years.

The record reflects that at about 5:00 P.M., on January 3, 1970, three men entered the grocery store of John Pizzo in Houston and robbed Pizzo of approximately $200.00. One of the robbers, identified by Pizzo and his wife and other witnesses as the appellant, exhibited a pistol and stated: "God damn. It's a stick up. Don't move. I'll kill you."

Appellant testified, denying that he committed the robbery or had anything to do with it. He said the witnesses were mistaken in identifying him as one of the robbers. He testified that he could not remember where he was on that day, but knew definitely that he was not in Pizzo's store at any time on the day of the robbery.

Appellant further testified on direct examination that he would not commit and had not committed an armed robbery in any part of this community. On cross-examination, he broadened this statement by testifying that he hadn't ever committed any robbery in any place, either in his own community or any other community.

Appellant, by ground of error, raises the contention that the court erred to appellant's prejudice in admitting, over his timely objection, police officer Norman's testimony concerning an extraneous offense.

As a part of the State's original case, and prior to appellant's taking the stand, officer Norman testified concerning a rob-

bery of a U-Tote-M store in Houston about 5:00 P.M., on January 11, 1970. Norman was an eye witness to that offense and identified appellant as the robber.[1] He testified further that he saw appellant leave the store taking the store manager as a hostage, the appellant having one hand under the manager's shirt, and that appellant threatened to kill the manager, and Norman let them go rather than run the risk involved. Although Norman did not see a gun in appellant's hand, it was reasonable, from his words and actions, to assume that he had one. Appellant objected to the introduction into evidence of this extraneous offense. His objection was overruled.

■ The testimony of appellant denying that he was the robber in the primary Pizzo case, and stating that Pizzo and the other witnesses were mistaken in their identification of him, raised the fact issue of the identity of appellant as one of the men who committed the robbery of the Pizzo store. Special distinguishing characteristics common to both the extraneous offense and the primary offense are present. Ford v. State, Tex.Cr.App., 484 S.W.2d 727; Newman v. State, Tex.Cr.App., 485 S.W.2d 576. After the interposed defense of wrongful identity, the evidence of the extraneous offense, another robbery of a grocery store in which appellant threatened to kill the victim, the robbery occurring in the same city only eight days later in which the appellant took the lead and was the spokesman, both committed in the late evening, in both of which appellant was definitely identified, would have been admissible on rebuttal on the issue of identity and in refutation of the defensive theory. Johnson v. State, Tex.Cr. App., 494 S.W.2d 870 (1973); Sanchez v. State, Tex.Cr.App., 492 S.W.2d 530 (1973); Martin v. State, Tex.Cr.App., 489 S.W.2d

282 (1973); Owens v. State, Tex.Cr.App., 450 S.W.2d 324; Blankenship v. State, Tex.Cr.App., 448 S.W.2d 476.

■ As stated in Johnson, supra, where the evidence of the extraneous offense was admitted prior to the defensive issue of alibi being raised, "Since it would have been admissible on rebuttal, the error, if any, as to the time of presentation, is rendered harmless."

■■ Furthermore, the evidence of appellant having committed this subsequent offense of robbery was rendered admissible by virtue of his testimony, first brought out on direct examination by his counsel and confirmed on cross-examination, that he had never committed any robbery at any time or in any place. As stated in Ochoa v. State, Tex.Cr.App., 481 S.W.2d 847, p. 850:

"An exception to the foregoing prevails, however, where the witness makes blanket statements concerning his exemplary conduct such as having never been arrested, charged or convicted of any offense, or having never been 'in trouble,' or purports to detail his convictions leaving the impression there are no others. Stephens v. State, supra[2]; Orozco v. State, 164 Tex.Cr.R. 630, 301 S.W.2d 634 (1957) and cases there cited. In such cases, the State may refute such testimony despite the nature of the conviction used or its remoteness. Stephens v. State, supra." See also Hamilton v. State, Tex.Cr.App., 480 S.W.2d 685; Witherspoon v. State, Tex.Cr.App., 486 S.W.2d 953.

Also we note that the court gave a limiting instruction as to such evidence in his charge to the jury.

The ground of error is overruled.

---

1. Appeal of the conviction of the U-Tote-M robbery is reported in Gilmore v. State, Tex.Cr.App., 493 S.W.2d 161 (1973).

2. Stephens v. State, Tex.Cr.App., 417 S.W. 2d 286.

Complaints in two other grounds of error are not substantiated by the record and show no error.

The judgment is affirmed.

Opinion approved by the court.