**Ralph Cleveland GILMORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46518.**

Court of Criminal Appeals of Texas.

April 25, 1973.

Ken L. Sanders, Marvin O. Teague (on appeal only), Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jack Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

The conviction is for robbery by assault; the punishment is six years, probated.

The appellant, in his first ground of error, raises the contention of insufficiency of the evidence to support the verdict.

The record reflects that about 8:00 P. M., on January 11, 1970, a man who was holding a handkerchief so that it covered his face and with his other hand in his jacket entered a U-Tote-M store in Houston, of which Herman Kresse was manager, approached Kresse and said: "Give me the money." Kresse at first thought the man was joking, but he repeated the same demand. Kresse started walking toward the cash register, with the man following him with what Kresse took to be a gun pressed against his back. After putting some money in a sack and handing it to the robber, the latter started looking among some boxes for more money. The amount of money taken was $130.00. At this time, a police officer entered the store, and the robber told him that he would kill Kresse and the policeman if he did not back off. The officer permitted the hijacker to forcibly take Kresse from the store and to a place in back of the shopping center. There a private citizen with a gun threatened to kill both Kresse and the robber, but Kresse prevented that by explaining that he was the proprietor of the store which had been robbed. The robber then ordered the driver of a slowly moving car to stop, forced Kresse to enter and, after himself getting in the car, required the driver to proceed. Later Kresse was permitted to leave the car and soon after that, the robber got out.

Kresse identified appellant as the robber at a lineup the next day, and also made an in-court identification of him. B. W. Norman, the officer who entered the store during the robbery, positively identified appellant, as did the driver of the car in which appellant escaped. Appellant did not testify at the guilt stage of the trial.

The evidence was sufficient to support the verdict of guilty. Harris v. State, Tex. Cr.App., 376 S.W.2d 838; Smith v. State, Tex.Cr.App., 414 S.W.2d 659.

Appellant, in his second ground, contends that the court committed reversible error in permitting the State, at the punishment stage of the trial, to cross-examine appellant as to the punishment he received in a misdemeanor conviction of shoplifting.

Appellant testified on direct examination at the punishment stage that he had been convicted of the misdemeanor offense of shoplifting about five years earlier. On cross-examination by the State, he was required to testify, over the objection that the State could not inquire as to anything other than the fact of the conviction, concerning the punishment assessed, which he stated was a term of thirty days in jail. It is appellant's contention that it was error, prejudicial to appellant, to permit the State to go into the "details" of the conviction and prove the punishment assessed in the misdemeanor conviction. Appellant argues that Art. 37.07, Sec. 3(a), Vernon's Ann.C.C.P.,[1] permits only proof of the fact of final conviction in proving the criminal record of the accused.

Certified copies of the judgments and sentence are admissible to prove an accused's "criminal record" under Art. 37.07, Sec. 3(a). Vessels v. State, Tex.Cr.App., 432 S.W.2d 108 (on rehearing, p. 115); Miller v. State, Tex.Cr.App., 472 S.W.2d 269. See Rinehart v. State, Tex.Cr.App., 463 S.W.2d 216; Knox v. State, Tex.Cr. App., 487 S.W.2d 322. The judgment and sentence, if introduced into evidence, would show the punishment; hence, no error is shown in securing this information on cross-examination of appellant.

However, we fail to see how the evidence complained of could have prejudiced the appellant with this jury, which had already found appellant guilty of robbery by assault. The minimum punishment which the jury could have assessed is a five year probated term. The punishment assessed was a six year probated term. Appellant has failed to show any harm to him as a result of the admission of the complained of evidence.

The judgment is affirmed.

Opinion approved by the Court.

---

1. "Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."