**Gordon O. DeVONISH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46644.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Rehearing Denied Nov. 21, 1973.

Robert E. Kozlowski and Andres Hernandez, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Fred Rodriguez, Gus Wilcox and Antonio Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

This is an appeal from a conviction for rape; the punishment, fifty (50) years.

The prosecutrix was in the apartment where she lived with her husband on October 13, 1971, at about 1:20 P.M. watching television, in San Antonio near Fort Sam Houston, when appellant, a black man, opened the door and walked in. He said, "This is a stick-up, don't scream," and carried a jacket over his right hand which prosecutrix believed concealed a gun. He demanded money, made threats of violence, looked for valuables and took jewelry, then ordered prosecutrix to undress. She plead with him, "Please don't, we have only been married four months." However, appellant proceeded to have carnal knowledge of her against her wishes, she being afraid to resist.

Appellant then directed prosecutrix to drive to the Alamo Heights National Bank where at his order at the drive-in window she drew out $390.00 in savings which appellant took, then he had her drive him around aimlessly, then forced her out of the car on a dirt road and drove off in her car, saying: "I got all I want from you, white lady . . . I'll leave the car where you can find it."

Prosecutrix testified that she was continuously in fear of being killed, that appellant told her he had been watching her take her husband to work every day in her car bearing South Carolina license plates and that he disliked people from that state. She testified that the day before she saw appellant from her kitchen window as she was washing dishes at approximately the same time as on the day of the offense.

Prosecutrix's husband testified to two soldiers bringing his wife to him after the offense. They had picked her up after she was put out of the car on the dirt road. She was in a hysterical condition, crying, yelling and screaming. She was examined by Dr. Newton, a medical officer at Fort Sam Houston where prosecutrix's husband was employed in the dental laboratory, who found male sperm cells present in her vagina.

Appellant was seen hanging around the apartment where this offense occurred on the same day at about 12 to 12:35 P.M. by Wayne Meeks.

Prosecutrix positively identified appellant. He did not testify, but used his wife as a witness to swear that she was with him elsewhere at the time of the offense. The issue of alibi was thus raised by her testimony and the court charged the jury on the law of alibi.

Ground of error number one urged by appellant is that the court committed reversible error when two witnesses, Nancy Dashek and Inez Dawson, were permitted over objections to testify to two extraneous offenses committed by appellant.

Nancy Dashek testified that on October 20, 1971, at about 1:30 or 2 o'clock P.M. the appellant forced his way into her apartment, which was near to prosecutrix's apartment, about one block from the apartment of Inez Dawson. (All three women were married to soldiers at Fort Sam Houston). When she started screaming, he told her not to scream because he had just killed a woman for screaming. He then got all the money she had, told her to lie across the bed, and tied her hands and feet, and told her he should rape her, but did not do so. She was positive in her identification of appellant.

Inez Dawson was in her apartment two blocks from the apartment of prosecutrix on October 20, 1971, between 1 and 1:30 P.M., when appellant, whom she positively identified, knocked on her door. When she partly opened the door, appellant moved toward the door, and the witness threw it open and ran out, when appellant grabbed at her, but she ran screaming and appellant ran the other way.

In her testimony, the wife of appellant had stated that she was with him from 2 P.M. Wednesday, October 13, 1971, while they went shopping for groceries, that they always went shopping for groceries about that time every Wednesday. October 20th was the next Wednesday after October 13th, the date of the rape at trial. Prosecutrix said appellant put her out of her car and drove off with it about 4 P.M.

Thus, the issue of identity was raised by the evidence, the defensive theory being that the appellant was with his wife shopping for groceries at the time prosecutrix said he was with her, and that appellant, therefore, was not the man who committed this offense.

In contending that the court erred in admitting evidence of the two extraneous offenses, appellant cites Ford v. State, Tex. Cr.App., 484 S.W.2d 727; Jones v. State, Tex.Cr.App., 481 S.W.2d 900; and Newman v. State, Tex.Cr.App., 485 S.W.2d 576.

We do not depart from the principles set forth in those cases, but here we find that the extraneous offenses were similar in nature, committed at approximately the same time of day, by a black man upon white women alone in their apartments, in the same neighborhood, within a week of the offense on trial, and were assaults showing motives of robbery and rape. In addition, they were in rebuttal of the defensive testimony that appellant went grocery shopping with his wife every Wednesday, the day of the offense on trial.

■ We hold that the extraneous offenses were properly admitted in evidence and overrule ground of error number one. Gilmore v. State, Tex.Cr.App., 493 S.W.2d 163; Friga v. State, 488 S.W.2d 430; Ow-

ens v. State, Tex.Cr.App., 450 S.W.2d 324; Johnson v. State, TexCr.App., 494 S.W.2d 870; Martin v. State, Tex.Cr.App., 489 S.W.2d 282.

Ground of error number two urged by appellant is that the State failed to prove that the prosecutrix was raped by force and threats.

The court in the charge to the jury authorized the conviction of appellant if it had been proved beyond a reasonable doubt that carnal knowledge was accomplished by force or threats or a combination of force and threats, without the consent and against the will of prosecutrix.

It is said in 4 Branch 2d, p. 281, Sec. 1956:

"When both force and threats are alleged and there is evidence of each, it is not necessary that either the force or the threats alone measure up to the standard of the statutory definition; the cogency which one contributes to the other may be sufficient to constitute all that is required. (omitting citation)" See also Gorman v. State, Tex.Cr.App., 480 S.W.2d 188.

■ We have reviewed the entire testimony of prosecutrix, and find that the manner of the assault, prosecutrix's belief that appellant had a gun, his words spoken and orders issued to her, her obviously terrified condition, all taken together fully *support the verdict of the jury.*

Ground of error number two is overruled.

By ground of error number three, appellant complains because the court included in the record the statement of prosecutrix to the San Antonio Police, and also the report of a psychiatric evaluation of appellant. Neither of these documents was offered or admitted in evidence, and was not before the jury on the trial. We fail to see any reason for their inclusion in the record, but cannot conceive of any harm thereby done to appellant.

We overrule ground of error number three.

Pro se briefs have been filed by appellant. We have considered them, but fail to find any merit, and they are overruled.

The judgment is affirmed.

Opinion approved by the Court.