James Henry FORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 47363.

Court of Criminal Appeals of Texas.

Nov. 7, 1973.

Rollin Khoury, Waco (Court appointed), for appellant.

Martin D. Eichelberger, Dist. Atty., Ward Casey, Asst. Dist. Atty., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was convicted of robbery by assault; the punishment twenty (20) years.

Court appointed counsel for appellant has filed a brief in which he states that in his opinion the appeal is frivolous and without merit. He has so informed appellant, and furnished him with a copy of the brief, but appellant has not filed a pro se brief. The procedure has complied with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493, and Gainous v. State, Tex.Cr.App., 436 S.W.2d 137.

Nevertheless, in a diligent effort to perform his entire duty, counsel presents to this Court three possible grounds of error.

■ No. 1: That the court erred in denying his motion for continuance on the ground that counsel did not have time to prepare for trial. The motion was made orally and not in writing as required by Art. 29.03, Vernon's Ann.C.C.P., and, therefore, no error is presented. Carpenter v. State, Tex.Cr.App., 473 S.W.2d 210. Counsel was appointed on August 11, 1972. The trial was held on November 28, 1972.

■ No. 2: That the in-court identification of appellant by the person robbed was shown to be tainted by a police line-up identification when appellant had no counsel present and had not waived counsel.

This question being raised prior to the in-court identification, the court in the absence of the jury held a hearing as suggested in Martinez v. State, Tex.Cr.App., 437 S.W.2d 842, and thereafter stated into the record his findings:

"The court finds from the witness' testimony that the identification in court today is no way tainted by or based upon any prior line-ups."

Such findings are fully supported by the record, and No. 2 is overruled.

■ No. 3: That the court erred in permitting the complaining witness to testify that 10 days before the robbery on trial appellant had robbed her at the same place and in the same manner.

The attorney representing appellant on the trial asked for and was awarded a hearing before she was permitted to identify appellant. (See No. 2 above). In asking for such hearing, he stated to the court:

"If it please the court, before the witness answers this question, I would like to challenge her ability or her right to identify the defendant, outside the hearing and presence of the jury, I would like for the determination to be made of her ability to do so . . . ."

The testimony of Wanda Charlene Willis was that she was cashier in the box office of the "Joy Drive Inn Theater," which was glassed in, with one light in the box office, and another light about a block away. She said appellant came to the ticket window at night, showed her the barrel of a gun protruding from a paper sack, and demanded the money, which she hurriedly gave him, then he ordered her to sit down on the floor, and drove away in a white Impala automobile. She testified that appellant was the man who robbed her, but that he then had a mustache, implying that he did not have one at the time of trial. Immediately after the robbery, the cashier called to her boss that she

had been robbed, he followed the car and apprehended appellant and a juvenile in the white Impala.

The testimony as to the previous robbery was admitted by the court on the issue of identity as shown in the following portion of the record:

"A    Wait a minute, I saw him about ten days before that.

"Q    On June 30, 1972?

"A    Yes.

    "MR. KHOURY: I object, your Honor, he's leading his witness.

    "COURT: Don't lead your witness.

"Q    Go ahead and tell me what you were telling me?

"A    Well, about ten days before that I was robbed and that's when I first saw . . . .

    "MR. KHOURY: If it please the Court, may I approach the bench?

    "COURT: Yes.

"Q    Wanda, on June 30, 1972, did you see this defendant, James Henry Ford?

"A    Yes, sir.

"Q    And where was that?

"A    At the Joy Drive Inn Theater.

"Q    Is that one of the reasons that you are able to identify him here today?

"A    Yes, sir.

"Q    And what did he do on June 30, 1972, that caused you to remember him so clearly?

"A    He robbed me.

"Q    This same defendant robbed you on June 30, 1972?

"A    Yes, sir.

"Q On that date, did he have what appears to be a rusted up cap pistol at best?

"A No.

"MR. KHOURY: If it please the Court, I am going to object to this whole line of questioning, again on the grounds that this defendant is on trial today for an offense that allegedly occurred on the 11th day of July, 1972, and anything that Mr. Casey, or anyone else from the State's office puts into evidence, concerning any other offense is extraneous, immaterial, irrelevant, and highly inflammatory, in so far (sic) as this defendant is concerned, before this jury. This is not doing anything but *buttracing* his own witness in an identification that she made in a lineup where the man wasn't properly represented.

"COURT: I'll overrule your objection. The testimony that's been admitted and testified too, Ladies and Gentlemen, concerning the June 30th matter is admitted, and admitted for one purpose only, for the limited purpose of identification, and you will not consider it for any other purpose whatsoever."

It is apparent that appellant's only defense was that due to the poor lighting conditions and the fleeting opportunity the cashier had to observe appellant that she might be mistaken in her identification. The court correctly concluded that it had probative value to permit the witness to relate that she had seen appellant 10 days before when he robbed her at the same place and in the same manner. See Ferrell v. State, Tex.Cr.App., 429 S.W.2d 901; Parks v. State, Tex.Cr.App., 437 S.W.2d 554; Owens v. State, Tex.Cr.App., 450 S.W.2d 324; De Vonish v. State, Tex.Cr.App., 500 S.W.2d 800 (1973).

▆ Additionally, the objection was not timely. An objection must be made as soon as the ground of objection becomes apparent. Compton v. State, Tex.Cr.App., 500 S.W.2d 131 (1973); Sierra v. State, Tex.Cr.App., 482 S.W.2d 259.

We agree with appellant's attorney that this appeal is without merit, and the judgment is affirmed.

Opinion approved by the Court.