**Alvin Lee ROBINSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48220.**

Court of Criminal Appeals of Texas.

May 1, 1974.

Mark A. Schwartzman, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong, C. Nick Rothe, David K. Chapman, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery by assault. After the jury returned a verdict of guilty, punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., was set by the court at life.

Appellant's sole contention is that the court erred in permitting testimony, over his objection, of an extraneous offense allegedly committed by appellant.

Richard Perner testified that he was the sole employee of the Fina Sun-Glo Station located at Cherry and Caroline Streets in San Antonio after 4:00 p. m. on December 3, 1972. Perner described the business as being a self-service gasoline station that also kept beer, bread, milk, candy and tobacco for sale. About 9:30 p. m. two black men approached Perner. One of the men, identified as appellant, exhibited a .38 revolver, pointed it toward Perner and said,

"This is a holdup," and "Open the cash register." Appellant removed more than a hundred dollars from the cash register and the two men departed. Perner described the robbers as being dressed alike in blue jeans and blue shirts.

Appellant testified in his own behalf and denied taking part in the robbery, stating that "I was crossed into by some snitch that gets paid to do this sort of thing. Simply because I am an ex-convict the snitch said I did it and that was all it took." Appellant named one Henry Bauer as the "snitch" and described him as an enemy. Appellant further testified that he was at home with his wife from "4:30 in the evening until the next morning" on the date in question. Appellant denied that he owned a pistol or had a pistol "when all this transpired." Appellant also denied owning any "blue pants."

In rebuttal, over objection, the State called Louis Aguilar, who testified he was robbed at gunpoint by appellant and another black man in a Jif-E Mart Store on Ingram Street in San Antonio about 7:00 p. m. on November 12, 1972. Aguilar stated that appellant pointed a .38 revolver toward him and said, "Empty your cash register." According to Aguilar, appellant's companion did not say anything during the course of the robbery. Aguilar was the sole employee in the store during the robbery.

The court gave a limiting charge at the guilt stage of the trial, limiting the use of testimony regarding the extraneous offense to the issue of identity. There were no objections to such charge or any special requested issues.

The testimony of appellant went beyond merely denying that he committed the robbery. On the occasion in question appellant stated that he was at home with his wife; that he did not own a gun or even have a pistol "when all this transpired." Appellant blamed his arrest and being charged with the crime on a "snitch" who was identified as an enemy. Perner described the robber as being dressed in blue jeans and appellant denied that he owned any "blue pants." The foregoing testimony served to raise the fact issue of the identity of appellant as one of the two men who committed the robbery. See Cobb v. State, Tex.Cr.App., 503 S.W.2d 249; Mitchell v. State, Tex.Cr.App., 503 S.W. 2d 562; Ransom v. State, Tex.Cr.App., 503 S.W.2d 810; Gilmore v. State, Tex. Cr.App., 493 S.W.2d 163.

Special distinguishing characteristics common to both the extraneous offense and the primary offense, which occurred twenty-two days apart, are present. Cobb v. State, supra; Gilmore v. State, supra; Ford v. State, Tex.Cr.App., 484 S.W.2d 727; Newman v. State, Tex.Cr.App., 485 S.W.2d 576. Both offenses occurred in the early part of the night in stores in San Antonio where there was only one employee. The offenses were committed by two black males, appellant being identified as the person armed with a .38 revolver in both robberies. Appellant was identified as the spokesman and the person taking the lead in both instances. The combination of the foregoing factors is such as to set the two crimes apart from the similarities which normally exist in the commission of the same type of crime.

We conclude that the trial court did not err in admitting evidence of the extraneous offense.

The judgment is affirmed.

Opinion approved by the Court.