Jeffery LUSK, Appellant,

v.

The STATE of Texas, Appellee.

No. 48793.

Court of Criminal Appeals of Texas.

July 10, 1974.

W. Alfred Windner, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Glenn E. Eakman, William W. Chambers, and R. W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The conviction was for assault with intent to rape; the punishment seventy-five (75) years.

On January 22, 1973, about 6:00 P.M., the nineteen year old female, victim of the offense, left her downtown office in Fort Worth to go to her automobile on a parking lot. She was approached and asked for a match by appellant, whom she positively identified. He pushed a small white handled pistol into her side, shoved her into her car, got in with her, and told her he was going to have sexual intercourse with her (using a four-letter word in common usage for this act). He kept striking her with the pistol and threatened to kill her if she "honked" the horn or "hollered" for help. He pulled her pantyhose down and struggled with her for about ten minutes, but left and ran off when a man came in the parking lot to get his car. The girl drove her car home, cried for a while, then her fiance took her to the police where she gave a description of her assailant and the brown coat he was wearing. Based on this description, appellant was arrested about 9:00 P.M. that night at a service station where he worked, usually from 11:00 P.M. to 7:00 A.M. This was about 12 to 18 blocks from the place of the assault. The pistol was shown to the police by appellant. He had on the brown corduroy coat when the officers first saw him, but when they entered the station he had stuffed it under the desk where he was sitting.

Appellant did not testify, but offered the manager of the service station where he worked, who said that appellant had sickle cell anemia, and used crutches to walk on, carried them with him, and limped when he walked without them. The victim of the assault testified that appellant had no crutches and did not limp when he walked. The service station manager also raised an issue as to the identity of the pistol in question when he testified that it was his and was never gone from the desk in which it was kept, so far as he knew.

Upon the belief that an issue had been raised as to the identity of appellant, the court permitted the State to prove that on January 3, 1973, the appellant assaulted another young woman with a pistol similar to the one in evidence, as she went to her parked car near St. Joseph Hospital on South Main in Fort Worth, threatened her and forced her to commit oral sodomy upon him. She described her assailant the same as the other girl and identified appellant as the man who did this.

The only purpose for offering the testimony of the service station manager was to make an issue of the identity of appellant and cast doubt upon his being the guilty man because of his use of crutches or limping without them. The similarity of the assaults, both being sexual in nature, committed by a black man of the same description, upon white girls going to parked cars early in the evening, by the use of a white handled revolver, accompanied by threats, renders the offense committed nineteen days before by appellant admissible on the issue of his identity. Ford v. State, Tex.Cr.App., 500 S.W.2d 827; DeVonish v. State, Tex.Cr.App., 500 S.W.2d 800; Gilmore v. State, Tex.Cr.App., 493 S.W.2d 163; Johnson v. State, Tex.Cr.App., 494 S.W.2d 870; Owens v. State, Tex.Cr.App., 450 S.W.2d 324; Martin v. State, Tex.Cr.App., 489 S.W.2d 282.

It is here noted that the court gave a charge properly limiting the evidence of the extraneous offense to the issue of identity, to which there was no objection.

We overrule appellant's contention that the court committed reversible error in overruling his objection to evidence of the extraneous offense, and affirm the judgment.

Opinion approved by the Court.